## In re E. W. RATHBUN & CO.

### (Circuit Court, N. D. New York. July 6, 1898.)

CUSTOMS DUTIES—CLASSIFICATION—LUMBER.

White pine lumber in sticks measuring 6 by 12 inches is dutiable as "sawed lumber, not specially provided for," at two dollars per 1,000 feet, under paragraph 195 of the act of July 24, 1897, and not as timber "hewn, sided or squared (not less than eight inches square)," under paragraph 194. The parenthetical clause refers to the shape of the timber, and not to the number of square inches it contains, and excludes timber measuring less than 8 inches one way.

This is an application by the collector of customs at Oswego, N. Y., for a review of the decision of the board of general appraisers reversing the decision of the collector as to the rate of duty on certain pine lumber imported by E. W. Rathbun & Co. in November, 1897.

The collector imposed a duty of two dollars per 1,000 feet, board measure, under paragraph 195 of the act of July 24, 1897, which provides as follows:

"Sawed boards, planks, deals, and other lumber of whitewood, sycamore, and basswood, one dollar per thousand feet board measure; sawed lumber, not specially provided for in this act, two dollars per thousand feet board measure."

The importers protested. insisting that their merchandise should have been classified under paragraph 194 of the act, which is as follows:

"Timber hewn, sided, or squared (not less than eight inches square), and round timber used for spars or in building wharves, one cent per cubic foot."

The issue thus presented came on for hearing before the board of general appraisers which sustained the protest. The prevailing opinion is as follows:

"The merchandise consists of 1,452 feet white pine lumber contained in nine pieces 25 to 30 feet in length and measuring six by twelve inches. It was assessed for duty at $2 per 1,000 feet B. M., under paragraph 195, Act July 24, 1897, and is claimed to be dutiable as timber at one cent per cubic foot under paragraph 194. Paragraph 194 reads: 'Timber hewn, sided, or squared (not less than eight inches square), * * * one cent per cubic foot.' The collector reports that as this timber measures less than eight inches one way, the assessment of duty is made for the purpose of obtaining a decision from the board. Paragraph 194 says 'not less than eight inches square.' Eight inches square is 64 inches. The timber in question is 72 inches square and is not, therefore, excluded by the limitation. The protest is sustained accordingly."

One member of the board dissented. His opinion is as follows:

"I dissent from the conclusions of my colleagues in this case. In my opinion, the words 'not less than eight inches square' in the paragraph under which duty was assessed, have reference to squared timber. neither of the sides of which shall measure less than eight inches. Such, according to my understanding, is the meaning of these words in common speech and as used in the tariff act. They are as if reading: 'neither side of which shall be less than eight inches in width.' The distinction made in the tariff act between the phrases, 'inches square' and 'square inches' is clear and easily understood. Where the former is used (as in paragraph 194), it always refers to the dimensions and shape, but where the area or square measure is intended,

without regard to the shape, the latter is always used. For example, paragraph 104 of the tariff act provides for 'cast polished plate glass * * * not exceeding 16x24 inches square.' This provision has been in several tariff acts, but has never been construed to mean 384 square inches of glass of any dimensions or sizes. Paragraph 105 contains the same expression, and, in immediate juxtaposition with it, a provision for 'cast polished plate glass * * * exceeding 144 square inches,' which does mean of any shape. In paragraph 112, provision is made for 'mirrors, not exceeding in size 144 square inches.' Paragraph 88 also provides for 'tiles * * * exceeding two square inches in size.' In the one case, the rate of duty has express reference to the dimensions and shape of the article, and in the other, to the area or square inch measurement, without regard to shape. If it is held that the phrase 'eight inches square' is the equivalent of 'sixty-four square inches,' it could be held with equal propriety that 'one hundred and forty-four square inches' means 'twelve inches square' and excludes an article 9x16 inches square. I think the protest should be overruled, and the assessment of duty affirmed."

Emory P. Close, U. S. Atty., for Collector.

COXE, District Judge. The language of paragraph 195, under which the collector acted, sufficiently describes the importations as "sawed lumber." His action must stand unless it appears that the lumber is specially provided for in paragraph 194 as "timber hewn, sided or squared (not less than eight inches square)." In other words, if lumber, which is 12 inches wide, 6 inches thick and 20 feet long, is less than 8 inches square, the importers cannot succeed. I am of the opinion that it is less than 8 inches square. The board reached a contrary conclusion upon the theory that the words "eight inches square" are equivalent in meaning to 64 square inches, and, as the pieces in question have 72 square inches, they are more than 8 inches square. This, in my judgment, is not a correct reading of the paragraph which has reference to the shape of the lumber and not to the square inches it contains. A plank which is but two inches thick cannot be eight inches square even though it be three feet wide. .

The question has been fully presented in the two opinions filed by the appraisers and nothing can be added to the discussion. It is thought that the view taken in the dissenting opinion is the correct one. The decision of the board is reversed.