UNITED STATES *v.* GALLAGHER & ASCHER (No. 2446).[1]

. 1. CONSTRUCTION, PARAGRAPH 1700, TARIFF ACT OF 1922—"LUMBER."

Timber sawed to comparatively small dimensions is lumber within the common and ordinary meaning of the term in paragraph 1700, tariff act of 1922. Noscitur a sociis and ejusdem generis are rules of interpretation and can not be invoked where the language of a statute is plain and leaves no room for interpretation. This paragraph provides for "sawed boards, planks, deals, and other lumber." To hold that, by "other lumber," Congress meant similar lumber or lumber of the same class would amount to judicial amendment.

2. WOOD FOR VIOLINS.

Spruce and maple wood, sawed into short lengths and partly down the middle, used for making and repairing violins, was improperly classified under paragraph 403, tariff act of 1922, as "Wood unmanufactured not specially provided for." It is specially provided for by the provision of free list paragraph

1700 for "Sawed boards, planks, deals and other lumber, not further manufactured than sawed, planed, and tongued and grooved," since it is such other lumber. A claim for classification under paragraph 404 as "like blocks or sticks" must be denied in the absence of satisfactory evidence that the importation is such blocks or sticks.

## United States Court of Customs Appeals, February 4, 1925

APPEAL from Board of United States General Appraisers, G. A. 8811 (T. D. 40241)

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General (*Edward J. Neary*, special attorney, of counsel), for the United States.

*Comstock & Washburn* for appellees.

[Oral argument Nov. 13, 1924, by Mr. Hoppin]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Spruce and maple wood sawed into short lengths and partly down the middle was classified by the collector of customs at the port of Chicago as wood not specially provided for, and assessed for duty at 20 per cent ad valorem under that part of paragraph 403 of the act of 1922, which reads as follows:

PAR. 403. * * * Wood unmanufactured not specially provided for, 20 per centum ad valorem.

The importer protested that the merchandise was free of duty under section 201 and paragraph 1700 of the free list, which provisions in so far as pertinent read as follows:

SEC. 201. That on and after the day following the passage of this act * * * the articles mentioned in the following paragraphs and imported into the United States * * * shall be exempted from duty.

PAR. 1700. Wood: Logs, timber, round, unmanufactured, hewn, sided or squared otherwise than by sawing; * * * sawed boards, planks, deals, and *other lumber, not further manufactured than sawed, planed, and tongued and grooved;* * * * (Italics not quoted.)

The Board of General Appraisers sustained the protest and the Government appealed.

The merchandise as disclosed by the samples is timber sawed to comparatively small dimensions and is therefore lumber within the common and ordinary meaning of that term. (See "Lumber"— Century Dictionary; see "Lumber"—Webster's Dictionary; see "Lumber"—Standard Dictionary.) In re F. W. Meyers & Co., T. D. 30084; F. W. Meyers & Co., T. D. 25567; In re E. W. Rathbun & Co. (88 Fed. 257–258).

The free list specifically provides that lumber not further manufactured than sawed, planed, and tongued and grooved shall be exempted from duty. Lumber which has been subjected to any or

all of those processes comes clearly within the provisions of paragraph 1700 of the free list, and from that it follows that the lumber in issue is not subject to duty.

As lumber of the class of the imported merchandise is specially provided for under paragraph 1700, it can not be said that it is an unmanufactured wood not specially provided for.

The Government contends that if the merchandise is not dutiable as assessed it is blocks or sticks like wagon blocks, oar blocks, heading blocks rough hewn, or rough shaped, sawed or bored, and is therefore dutiable under paragraph 404, which reads as follows:

PAR. 404. Hubs for wheels, posts, heading bolts, stave bolts, last blocks, wagon blocks, oar blocks, heading blocks, and all like blocks or sticks, rough hewn or rough shaped, sawed or bored, 10 per centum ad valorem.

The collector did not classify the merchandise under that paragraph, and as there is no satisfactory evidence showing or tending to show that the importation consists of blocks or sticks within the meaning of the paragraph, we are not willing on this record to say that the importation is covered by any of the designations thereof.

Noscitur a sociis and ejusdem generis are rules of interpretation and can not be invoked where the language of a statute is plain and leaves no room for interpretation. The particular part of paragraph 1700, under which the importer claims, unmistakably provides for sawed boards, planks, deals, and other lumber, and to hold that Congress meant by that language sawed boards, planks, deals, and similar lumber, or lumber of the same class, would simply amount to a judicial amendment of the paragraph. We must therefore hold that the particular provision just cited means just what it says and that as the importation is lumber not further manufactured than sawed, planed, and tongued and grooved, it is within the terms of the paragraph, nothing appearing which would justify us in holding that it is such blocks or sticks as are contemplated by paragraph 404.

The judgment of the Board of General Appraisers is *affirmed.*