UNITED STATES *v.* MITSUI & Co. ET AL. (No. 3137)[1]

68

United States Court of Customs and Patent Appeals, April 29, 1929

Charles D. Lawrence, Assistant Attorney General (Kenneth G. Osborn, special attorney, of counsel), for the United States.
Frank L. Lawrence (Martin T. Baldwin) for appellees.

[Oral argument December 13, 1928, by Mr. Lawrence and Mr. Baldwin]

Before GRAHAM, Presiding Judge, and BLAND and HATFIELD, Associate Judges.[1]

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

The appeal involves protest No. 191384–G of Mitsui & Co. and protest No. 193356–G of George S. Bush Co.

In protest No. 191384–G the merchandise was described in the invoice as "oak flooring," and consisted of "thin strips of Japanese white oak ⅚₁₆″ thick, 2″ wide, and from 3 to 16′ in length." The merchandise was assessed by the collector at the port of San Francisco at 20 per centum ad valorem as "wood unmanufactured, not specially provided for," under paragraph 403 of the Tariff Act of 1922. It is claimed by counsel for appellees to be free of duty under paragraph 1700 as "other lumber, not further manufactured than sawed, planed, and tongued and grooved," not specially provided for.

The merchandise in protest No. 193356–G is described in the invoice as "oak flooring" and consists of thin strips of Japanese white oak 2 inches wide, three-eighths inch thick, and of various lengths. It was assessed for duty by the collector at the port of Portland at 15 per centum ad valorem under the provision for "sawed boards, planks, deals, and all other forms not further manufactured than sawed" contained in paragraph 403 of the Tariff Act of 1922. It is claimed by counsel for appellees that the merchandise is free of duty as lumber not further manufactured than sawed, planed, and tongued and grooved, not specially provided for, under paragraph 1700 of the Tariff Act of 1922.

---

[1] Garrett, Associate Judge, did not participate.

Paragraph 403 reads as follows:

PAR. 403. Cedar commercially known as Spanish cedar, lignum-vitæ, lance-wood, ebony, box, granadilla, mahogany, rosewood, satinwood, Japanese white oak, and Japanese maple, in the log, 10 per centum ad valorem; in the form of sawed boards, planks, deals, and all other forms not further manufactured than sawed, 15 per centum ad valorem; veneers of wood and wood unmanufactured, not specially provided for, 20 per centum ad valorem.

The pertinent part of paragraph 1700 reads as follows:

PAR. 1700. Wood: Logs; timber, round, unmanufactured, hewn, sided or squared otherwise than by sawing; pulp woods; round timber used for spars or in building wharves; firewood, handle bolts, shingle bolts; and gun blocks for gun-stocks, rough hewn or sawed or planed on one side; sawed boards, planks, deals, and other lumber, not further manufactured than sawed, planed, and tongued and grooved; clapboards, laths, ship timber; all of the foregoing not specially provided for: * * *.

On the trial below the report of the appraiser in protest No. 191384–G was introduced in evidence. The report is as follows:

The merchandise covered by this protest is described in the invoice as oak flooring. It consists of thin strips of Japanese white oak $5/16''$ thick, $2''$ wide, and from 3 to 16' in length. These strips are sawn on three sides and planed on the fourth. They are claimed to be free of duty as lumber under paragraph 1700 or dutiable at 15% ad valorem under paragraph 403. Paragraph 1700 provides for sawed boards, planks, deals, and other lumber not specially provided for, if not manufactured further than sawed, planed, tongued and grooved. These strips can not be classified under paragraph 1700 because they are neither boards, planks, nor deals, being only $2''$ in width, and the proviso for such articles and other lumber being limited by the words "all of the foregoing not specially provided for" means that such language is intended to cover articles produced from woods other than those mentioned in paragraph 403. This oak flooring is not dutiable under the first provision of paragraph 403 because it is further manufactured than sawed, being planed on one side. For these reasons it was returned for duty as "wood unmanufactured" at 20% under paragraph 403.

The record also contains the following:

Mr. LAWRENCE. Exception. I offer to prove by this witness that this merchandise is used for flooring and that it is known and dealt in commercially at wholesale in this country and has been for many years prior to the passage of the present tariff act under the head of strips, flooring strips, and not as boards, planks, or deals.

Mr. IGSTAEDTER. The language of the act says "or other forms" without enumeration.

Justice FISCHER. I sustain the objection. Your offer may appear in the record.

Mr. LAWRENCE. That is all.

Mr. IGSTAEDTER. No questions.

(Submitted.)

It is stipulated and agreed between counsel that protest 193356–G may be submitted on the record made in the case just heard.

There is no other evidence in the case. On this record the court below held that the merchandise was free of duty under paragraph 1700, *supra*, and sustained the protests.

In an opinion by McClelland, Justice, the court said:

\* \* \* The testimony of the two witnesses called on behalf of the protestants is very brief and the Government has offered nothing in support of the collector's classification. An official sample of the merchandise is in evidence as Exhibit 1, and an examination thereof shows that it does not differ materially in character from the lumber which has been the subject of former decisions by this court and the Court of Customs Appeals. See G. A. 8275, T. D. 38075; G. A. 7546, T. D. 34305; *Carr* v. *United States*, 11 Ct. Cust. Appls. 35, T. D. 38647; *United States* v. *Gallagher & Ascher*, 12 Ct. Cust. Appls. 472, T. D. 40670; and *United States* v. *Myers & Co. et al.*, 5 Ct. Cust. Appls. 541, T. D. 35179.

In *United States* v. *Gallagher & Ascher, supra*, it was said:

The free list specifically provides that lumber not further manufactured than sawed, planed, and tongued and grooved shall be exempted from duty. Lumber which has been subjected to any or all of those processes comes clearly within the provisions of paragraph 1700 of the free list \* \* \*.

In the brief of counsel for the Government the claim is made that, while the merchandise is covered by the provision for lumber, not further manufactured than sawed, planed, tongued and grooved, not specially provided for, contained in paragraph 1700, it is more specifically provided for as "Japanese white oak" in "the form of sawed boards, planks, deals, and all other forms not further manufactured than sawed \* \* \* not specially provided for," contained in paragraph 403, *supra*.

Counsel for appellees, however, contend that the merchandise is not "boards, planks, or deals" within the common understanding of these terms, and that, as the flooring in question has been p'aned, it is further manufactured than sawed, and, therefore, is not dutiable at 15 per centum under paragraph 403. It is further claimed that as the merchandise is lumber, and, as it is not further manufactured than sawed, planed, and tongued and grooved, it is specially provided for in paragraph 1700; and that the provision for lumber in paragraph 1700 more aptly describes the merchandise than the provision for "wood unmanufactured" contained in paragraph 403.

The terms "board," "plank," "deal," and "lumber" are defined by Funk & Wagnalls New Standard Dictionary as follows:

Board, n. 1. A thin and broad flat piece of timber, usually sawed. Specif.: (1) A flat, long piece of wood, more than 4½ inches wide and less than 2½ inches thick.

Plank, n. 1. A broad piece of sawed timber, differing from a board only in being thicker, \* \* \*.

Deal, n. 1. A board or plank in varying dimensions.

Lumber, n. 1. Timber sawed into merchantable form, especially boards.

In view of the fact that the involved strips of flooring in question are only 2 inches wide, they are evidently not included within the common meaning of the terms "boards," "planks," or "deals."

In T. D. 25567 (G. A. 5785) *in re F. W. Myers & Co.*, decided August 29, 1904, the Board of General Appraisers (now United

States Customs Court) held that strips of wood "about 2 feet 7 inches long, and 2, 2½, and 3 inches square," were covered by the provision for lumber in paragraph 195 of the Tariff Act of 1897.

In T. D. 30084, G. A. 6938, the Board of General Appraisers held that pieces of wood "2½ by 4 inches and 2½ by 3¼ inches, planed on three sides and planed and grooved on the fourth side" were covered by the provision for lumber in paragraph 195 of the Tariff Act of 1897.

In the case of *United States* v. *Gallagher & Ascher*, 12 Ct. Cust. Appls. 472, T. D. 40670, this court held that the provision for "other lumber," in paragraph 1700, *supra*, was not intended to be limited to lumber similar to boards, planks, and deals. With reference to the word "lumber" the court said: "The merchandise as disclosed by the samples is timber sawed to comparatively small dimensions and is therefore lumber within the common and ordinary meaning of that term." The decisions of the Board of General Appraisers in T. D. 30084 and T. D. 25567, *supra*, were cited with approval in the opinion. The court also held that the provisions of paragraph 1700 were more specific for "lumber" than the provision for "wood unmanufactured" contained in paragraph 403, *supra*

It is true that in the *Gallagher & Ascher* case the lumber was spruce and maple wood, while the lumber in question is Japanese white oak.

Japanese white oak, in the form of logs, sawed boards, planks, deals, and other forms not further manufactured than sawed, is specially provided for in paragraph 403. However, as the merchandise in question has been planed, it is further manufactured than sawed and, therefore, does not come within the provision of paragraph 403, for "other forms not further manufactured than sawed."

When paragraph 403 was before the Congress for consideration, the United States Tariff Commission, in "Summary of Tariff Information, 1921," called the attention of the Congress to the fact that the paragraph, in the form in which it passed the House of Representatives, made no provision for boards, planks, deals, or other forms further manufactured than sawed, and suggested an amendment, the purpose of which was to place such forms on the dutiable list. We quote:

*Important changes in classification.*—The provision for "wood unmanufactured, not specially provided for," is new.

Spanish cedar, lignum-vitæ, etc., further manufactured than sawed, are not specifically provided for. Spanish cedar, lignum-vitæ, etc., further manufactured than sawed, would be covered by a provision for "wood manufactured, not specially provided for," which might be inserted before "and manufactures of wood" in paragraph 414.

The Congress, however, ignored the suggestions of the Tariff Commission. Accordingly, the provision in paragraph 403 for "wood unmanufactured, not specially provided for," is the only dutiable provision for merchandise of the character of that here involved.

It may seem strange that the Congress should provide in paragraph 403 "for sawed boards, planks, deals, and all other forms not further manufactured than sawed," at 15 per centum ad valorem, and that forms further advanced should be free of duty. In view of the fact, however, that the Congress failed to remedy the situation when its attention was specifically called to it, we have no alternative other than to hold that the seemingly anomalous results were anticipated by the Congress. Accordingly, as the merchandise involved is lumber, and as it is covered by the provision in paragraph 1700 for lumber not further manufactured than "sawed, planed, and tongued and grooved," and as this provision is more specific for the involved merchandise than the provision for "wood unmanufactured" contained in paragraph 403 we must hold that it is free of duty under paragraph 1700.

For the reasons stated the judgment is *affirmed*.