UNITED STATES v. ANDERSON & Co. (No. 856).[1]

FABRIC KNOWN AS COTTON HOLLANDS.

Whether the importation is one of articles made from cotton cloth, finished or unfinished, or is one of manufactures with cotton as the component material of chief value, is here, as a question, unimportant. The article is excluded from the other cotton-cloth provisions of the tariff act of 1909 by the terms of paragraph 320 of that act, and being stipulated to be an "article" made from the "fabric known as cotton hollands" and not cotton hollands, the goods necessarily fall within paragraph 332 of the act.

## United States Court of Customs Appeals, April 17, 1912.

APPEAL from Board of United States General Appraisers, Abstract 27303 (T. D. 32073) and Abstract 27672 (T. D. 32195).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, of counsel), for the United States.

No appearance for the appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This case was submitted below upon a stipulation as to the facts, the precise import of which constitutes the chief controversy upon appeal. The stipulation was as follows:

It is stipulated that the article itself is fabric known as cotton hollands, colored plain green, in various lengths, cut in lengths ready for windows, about 6 feet, and one end having a hem suitable to contain a stick to be inserted.

The board in its decision construed the stipulation to mean that the *imported article* in the condition, shape, and size and partially made into a window curtain, as imported, was known as a "cotton window holland." The stipulation as thus construed read the imported article into the exact phraseology of paragraph 321 of the tariff act of 1909, providing for "cotton window hollands," and this concluded the case.

We do not think, however, the stipulation refers that name to the partially made-up article imported, but rather refers it to the fabric out of which the former was made.

The stipulation runs:

That the article itself is a *fabric* known as cotton hollands * * * in various lengths, *cut in lengths* * * * about 6 feet, * * *.

That is, the "article," this importation, consists originally of a fabric *of various lengths* which has been as imported cut into lengths of about 6 feet ready for windows, etc. It would be the same to say an imported brick consists of clay known as potter's clay in various forms pressed into shape as imported for building purposes. The "fabric of various lengths" refers to the fabric from which the arti-

cle, "cut in lengths of about 6 feet ready for windows," was made and does not refer to and is not descriptive of the article as imported. It is the "fabric known as cotton hollands" and not the "articles" which are so known, according to the stipulation, when read in the light of the well-settled rules of grammatical and legal antecedent reference.

The importation, therefore, according to the stipulation, of facts as we read it consists of window shades cut in lengths about 6 feet long ready for windows, one end having a hem suitable to contain an inserted stick, and all of which is made from a "fabric known as cotton hollands."

Under what paragraph of the act of 1909 is such properly dutiable?

Obviously the articles are partly completed window curtains. They can not be classified under the countable provisions for "cotton cloth," as they are excluded therefrom by the very language of paragraph 320, which states that "cotton cloth * * * shall not include any article, finished or unfinished, made from cotton cloth." Conceding that the original fabric was cotton cloth, this partly finished article made therefrom is excluded from such classification by the above provision.

As this case must be ruled as to the facts by the stipulation, which recites that these *articles* are cut in lengths of about 6 feet from a "*fabric* known as cotton hollands," we must assume for the purposes of this case that that term as used in paragraph 321 refers to a cotton fabric, or piece goods, be it cloth or otherwise. The stipulation, in our view, characterizes "cotton hollands," the thing named in the act, as a "fabric," and recites the imported article as made up cut from such. As the provision is in every otherwise for cotton cloths therein designated and not for articles made up of the same, the rule of *ejusdem generis* would seem to include only fabrics or piece goods within the intended scope of the words "cotton window hollands." In either event, being excluded from the other cotton cloth provisions of the act by the terms of paragraph 320, and being stipulated as an "article" made from the "fabric known as cotton hollands," rather than the latter, they necessarily fall within the terms of paragraph 332.

If not made from cotton cloth, they are "articles" (so stipulated) made from cotton window hollands, so far advanced in the course of manufacture as to have assumed definite size, shape, and form of construction as to be readily and easily distinguishable in the condition as imported as partly made window curtains. Athenia Steel & Wire Co. *v.* United States (1 Ct. Cust. Appls., 494; T. D. 31528); Worthington *v.* Robbins (139 U. S., 337, 340). Whether they are articles made from cotton cloth, finished or unfinished, or are manufactures of which cotton is the component material of chief value, is unimportant, the rate being the same.

*Reversed.*