UNITED STATES *v.* DIECKERHOFF, RAFFLOER & Co. (No. 1158).[1]

ARTIFICIAL FRUITS AND VEGETABLES.

The merchandise consists of small articles, resembling in shape and color, but not in size, various fruits or vegetables, and they are designed for use alone in waxing sewing thread. These articles do not substantially simulate artificial fruits and can not be held to be "artificial fruits" within the meaning of paragraph 438, tariff act of 1909. They were properly held dutiable as manufactures of wax under paragraph 462 of that act.

United States Court of Customs Appeals, October 14, 1913.

APPEAL from Board of United States General Appraisers, Abstract 31585 (T. D. 33263). [Affirmed.]

William L. Wemple, Assistant Attorney General (*Leland N. Wood*, assistant attorney, on the brief), for the United States.

*Curie, Smith & Maxwell* (*Thomas M. Lane* and *Herbert M. Wallace* of counsel) for appellees.

Before MONTGOMERY, SMITH, BARBER, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this appeal consists of small pieces of wax, which are used in waxing thread, and are designed to be part of the equipment of ladies' sewing baskets. The exhibits show that each piece has about the bulk of a small hickory nut, molded into the form of a fruit or vegetable and colored in conformity with the individual design. A small loop of ribbon is attached as a handle to each article.

The return of the appraiser states that—

the merchandise consists of fruits composed of various materials suitable and used for millinery ornaments. Return for duty was made as such at 60 per cent ad valorem under paragraph 438 of the act of 1909.

---

[1] Reported in T. D. 33796 (25 Treas. Dec., 275).

Duty was accordingly assessed upon the merchandise as artificial fruits at the rate of 60 per cent ad valorem under paragraph 438. The importers duly protested, claiming that the articles were dutiable as manufactures of wax at the rate of 25 per cent ad valorem under paragraph 462 of the act.

The protest was submitted to the Board of General Appraisers and was sustained, from which decision the Government now appeals.

The following is a copy of the two paragraphs of the act of 1909 thus called into question:

438. Feathers and downs of all kinds, including bird skins or parts thereof with the feathers on, crude or not dressed, colored, or otherwise advanced or manufactured in any manner, not specially provided for in this section, twenty per centum ad valorem; when dressed, colored, or otherwise advanced or manufactured in any manner, including quilts of down and other manufactures of down, and also dressed and finished birds suitable for millinery ornaments, and artificial or ornamental feathers, fruits, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for in this section, sixty per centum ad valorem; boas, boutonnieres, wreaths, and all articles not specially provided for in this section, composed wholly or in chief value of any of the feathers, flowers, leaves, or other materials or articles herein mentioned, sixty per centum ad valorem.

462. Manufactures of amber, asbestos, bladders, catgut or whip gut or worm gut, or wax, or of which these substances or any of them is the component material of chief value, not specially provided for in this section, twenty-five per centum ad valorem; woven fabrics composed wholly or in chief value of asbestos, forty per centum ad valorem.

It clearly appears from the testimony that the articles in question are composed wholly of ordinary wax such as is used for waxing thread in sewing. They are sold by the importers to notion, department, and small dry goods stores, by whom in turn they are retailed as sewing articles. They are not used as ornamental or decorative objects nor in millinery, but are simply attractive forms into which sewing wax is cast for convenient sale and use. This use necessarily destroys the shape of the article and finally consumes the material itself. The wax designed for such uses is molded into a variety of forms, including flowers and animals, as well as fruits and vegetables. It is stated in the testimony that the samples now before the court are fairly representative of all the forms contained in the shipment now under protest. It may therefore be understood that in each instance the bulk of the individual article is about that named above, regardless of the form into which the piece itself is cast.

It is apparent therefore that almost all of the articles having the form of fruits are relatively so diminutive in size as to bear no actual resemblance to the natural fruits themselves. In such case the molded wax is not a substantial simulation of the natural fruit, and therefore does not become artificial fruit.

In Abstract 21933 (T. D. 30048) the Board of General Appraisers passed upon the dutiable status of certain pincushions made of

cotton and sawdust, being crude and highly colored imitations of apples, peaches, pears, and like fruit. The merchandise had been assessed as artificial fruits under paragraph 425 of the tariff act of 1897, the protest claiming assessment as manufactures of cotton. The board sustained the protest, saying:

> In order to be artificial fruit such articles should simulate the natural in form, color, and outline to such an extent that they might readily be taken for the fruit they represent.

See also a similar decision of the board concerning certain crude diminutive imitations of fruits and vegetables manufactured of cotton and ground emery, and used as needle sharpeners. The merchandise was held to be dutiable as manufactures in chief value of emery and not as artificial fruits. Abstract 22738 (T. D. 30364); Abstract 25312 (T. D. 31498).

In the present case the general disparity of size between the wax forms and natural fruits, and the consequent lack of substantial resemblance between the two, lead the court to believe that the protested articles are not "artificial fruits" within the meaning of paragraph 438. In that view of the case the importations are dutiable as manufactures of wax.

The decision of the board is therefore *affirmed*.