## UNITED STATES *v.* DARLING (No. 1969).[1]

1. MANUFACTURES OF IVORY NOT JEWELRY.
    Manufactures of ivory with brass eyelets are not made of precious metal or precious stone or an imitation of either, and are not jewelry. United States *v.* Mandel Bros. (10 Ct. Cust. Appls., 44; T. D. 38294).
2. CONSTRUCTION—DOUBT FAVORS IMPORTER.
    Where the construction of a statute is doubtful, the doubt should be resolved in favor of the importer.
3. IVORY PENDANTS AND BROOCHES—ARTIFICIAL FLOWERS.
    Following Cochran et al. *v.* United States (10 Ct. Cust. Appls., 62; T. D. 38336), decided concurrently herewith, ivory brooches, pendants, and scarf pins, carved in imitation of various flowers, are not "artificial and ornamental flowers" within paragraph 347, tariff act of 1913. Their classification as manufactures of ivory under paragraph 369 is affirmed.

### United States Court of Customs Appeals, March 10, 1920.

APPEAL from Board of United States General Appraisers, G. A. 8222 (T. D. 37869).

[Affirmed.]

*Bert Hanson,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.
*Frank L. Lawrence* and *Thomas M. Lane* for appellee.

[Oral argument Oct. 21, 1919, by Mr. Hanson and Mr. Lane.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise involved in this case consists of ivory carved in the form of roses, pansies, daisies, and so forth, made up into brooches, scarf pins, and pendants. The goods were assessed for duty by the collector as jewelry. The Board of General Appraisers held them not dutiable under paragraph 356 as jewelry, and that they should be classified as manufactures in chief value of ivory and dutiable at 35 per cent under paragraph 369. The Government appeals and makes two contentions: First, that the goods were properly assessed as jewelry; second, that if not so assessable, the goods should be classified as artificial flowers.

There was no direct testimony except that afforded by the samples and by the report of the appraiser bearing upon the question of whether these articles were either commonly or commercially known as jewelry. There was proof, however, that the articles were composed of ivory, and that metal, in the form of an eyelet, was inserted, which was supposed to be brass and worth about one-fifth of a cent. So that, as compared with the value of the article itself, the value of this substance was negligible, and it did not consist of any precious metal or precious stones. As there was no proof of commercial designation, we have the question as to whether these samples show such material that the court is able to say that they are not commonly known as jewelry. This question is in all substantial respects

---
[1] T. D. 38334 (38 Treas. Dec., 225).

ruled by United States *v.* Mandel, Bros. (10 Ct. Cust. Appls., 44; T. D. 38294), recently decided, and it must be held that these articles are not properly classified as jewelry.

The remaining question is whether the articles in question fall within the provision for "artificial and ornamental flowers of whatever material composed," which are provided for by paragraph 347 of the act of 1913.

The articles in question as represented by the samples are carvings from solid pieces of ivory, made to resemble on their face side various flowers. Their use seems to be as pendants, brooches, etc. They would usually be called by their specific names.

My brethren are of the opinion that these articles are not properly to be designated as artificial flowers within the principle laid down in the opinion of my brother Smith in the case of Cochran et al. *v.* United States (10 Ct. Cust. Appls., 62; T. D. 38336), decided concurrently herewith. After a very careful consideration of the present case, I still confess to some doubt as to whether these might not properly be held as coming within the particular terms of the provisions for artificial flowers. I recognize, however, the strength of my brother Smith's statements, and do not feel that I should permit such doubt as I possess to lead me to an insistence upon the contrary rule, in view of the other well-established rule that in case of doubt the question involved should be solved in favor of the importer, and this question is not free from doubt.

The decision of the board will be *affirmed*.