UNITED STATES *v.* SEARS, ROEBUCK & CO. (No. 2177).[1]

1. CONSTRUCTION, PARAGRAPH 347, TARIFF ACT OF 1913—"ARTIFICIAL AND ORNA-
    MENTAL FRUITS."
    In order for articles to be classifiable as "artificial and ornamental fruits," under paragraph 347, tariff act of 1913, their physical characteristics and appearance should be such as to cause them in common understanding and speech to be regarded and described as artificial fruits, and they should be appropriate and suitable for use for those purposes of ornamentation or decoration to which natural fruits may be temporarily devoted.—Cochran Co. *v.* United States (10 Ct. Cust. Appls. 62; T. D. 38336).

2. IMITATION FRUIT PAPIER-MÂCHÉ CANDY BOXES.
    Papier-mâché articles formed and crudely colored to resemble fruits, fitted with small pasteboard boxes extending into their interiors to serve as containers for candy and as pedestals for the articles, would commonly be regarded as fancy candy boxes, and not artificial fruits. They should not have been classified as "artificial and ornamental fruits," under paragraph 347, tariff act of 1913; and the decision of the Board of General Appraisers sustaining the claim of the protest for classification under paragraph 369 as manufactures of papier-mâché is affirmed.

---

[1] T. D. 39323.

United States Court of Customs Appeals, November 13, 1922.

APPEAL from Board of United States General Appraisers, Abstract 44900.

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General (*Harry M. Farrell*, special attorney, of counsel), for the United States.
*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellees.

[Oral argument October 3, 1922, by Mr. Hoppin and Mr. Tompkins.

Before SMITH, BARBER, and MARTIN, Associate Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise now upon appeal consists of certain candy containers made of papier-mâché and fabricated into the forms of apples, pears, peaches, and other fruits. The articles are crudely but appropriately colored, and have about the same size as the natural fruits which they resemble. Each one is hollow, and has an opening in its surface about as large as a silver half-dollar. A removable pasteboard box fits into the opening and serves at the same time as a receptacle for candy and as a base or pedestal upon which the article may stand. Only the bottom of the pasteboard box is in sight when the box is slipped into place, and that, of course, is flat and does not conform to the shape or color of the article in which it is placed; in other words each article, whatever fruit it may resemble, has a pasteboard disk as part of its surface of the size above mentioned, which does not conform to the shape or color of the article, but is obviously a pedestal upon which it may stand. The box just described is small in each case, and its use as a container is limited to candy commonly regarded as children's candy. Such articles are used by retail candy stores as attractive packings, and they have become familiar objects upon the display counters or in the show windows of such establishments.

The collector classified the merchandise as artificial and ornamental fruits, dutiable at the rate of 60 per cent ad valorem under paragraph 347 of the tariff act of 1913. Assessment was made accordingly. The importers protested, claiming that the articles were dutiable at the rate of 25 per cent ad valorem, under the provision for manufactures of papier-mâché contained in paragraph 369 of the same act.

The board sustained the protest, and the Government appealed.

The sole question presented by the appeal is whether the imported articles are dutiable as artificial and ornamental fruits under paragraph 347, for if they do not fall within that classification it must be conceded that they would be dutiable as manufactures of papier-mâché under paragraph 369, as was held by the board.

In considering this question it should be remembered that there is no testimony in the record concerning any peculiar commercial use

of the words composing the disputed classification. The question therefore must be decided according to the common or ordinary use of the words by people in general.

In the recent case of Cochran Co. *v.* United States (10 Ct. Cust. Appls. 62; T. D. 38336) this court in a similar case arising under paragraph 347, supra, followed a rule of decision which is controlling in the present case. The former case related to certain importations which had been classified for duty as artificial leaves and flowers, the importers contending that the articles in question did not answer to that description. The court, speaking by Smith, Judge, said:

It may be that neither exhibit truly represents any natural flower, fruit, leaf, or stem. Nevertheless, both come within the tariff designation of "artificial and ornamental fruits, grains, leaves, flowers, and stems," inasmuch as they are articles which simulate the natural fruit, flower, leaf, or stem in its physical characteristics and appearance sufficiently to cause them in common understanding to be regarded as leaves, stems, flowers, or fruits produced not by nature, but by the hand of man, and which at the same time are appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted.

\*     \*     \*     \*     \*     \*     \*

The goods represented by item 17708 are so crudely made and so near the grotesque that even if they could be considered as ornaments at all they could not be regarded as ornaments producing the decorative effect which distinguishes flowers, fruits, and leaves. People in general, if called upon to identify the articles by name, could hardly assign merchandise of such rough workmanship and unattractive appearance to the class of articles commonly known as artificial flowers, fruits, or leaves.

We think that the rule above enunciated should lead us to hold that the present articles are not artificial fruits within the sense of paragraph 347, for the reason that their physical characteristics and appearance would not cause them in common understanding and speech to be regarded and described as artificial fruits or as appropriate and suitable to be used for those purposes of decoration or ornamentation to which natural fruits may be temporarily devoted. For to the common understanding and in ordinary speech the articles would, upon sight and much more upon examination, be considered and described as merely fancy boxes for exclusive use as containers of candy. We say this because if the articles be held up to view the pasteboard pedestals at once disclose their real character and use and defeat their simulation of natural fruits. It is true that the pedestals are mostly, but not entirely, concealed from view when the articles are standing evenly upon them, but the necessity for such a position is a characteristic of candy boxes, not of artificial and ornamental fruits fashioned in simulation of natural fruits, and, as already stated, even when the articles are standing upon their pedestals the latter are to some extent visible.

The decision of the board is accordingly *affirmed.*