MORRIS, MANN & REILLY (INC.) *v.* UNITED STATES (No. 2419).[1]

EVIDENCE, PRESUMPTION FAVORS COLLECTOR—SOAP STATUETTES.

    Highly scented soap made into statuettes, small vases, and other similar articles was classified as toilet soap under paragraph 82, tariff act of 1922, and claimed to be soap not specially provided for under the same paragraph or nonenumerated manufactures under paragraph 1459. The burden was on the protestant to show that the collector was wrong and he was right. This burden was not sustained by proving that the merchandise was highly scented soap and was sold to the wholesaler as "ornaments to decorate the mantels."

United States Court of Customs Appeals, December 17, 1924

APPEAL from Board of United States General Appraisers, Abstract 47152

[Affirmed.]

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellant.
*William W. Hoppin*, Assistant Attorney General (*Charles D. Lawrence* and *A. H. Goodman*, special attorneys, of counsel), for the United States.

[Oral argument Nov. 13, 1924, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

    The contest here arises out of the classification of certain manufactures of highly scented soap, fabricated into the form of statuettes, small vases, and other similar articles. The collector classified them as toilet soap under paragraph 82 of the tariff act of 1922, which paragraph is as follows:

Soap: Castile, 15 per centum ad valorem; toilet, 30 per centum ad valorem; all other soap and soap powder not specially provided for, 15 per centum ad valorem.

    The importer protested and claimed them to be dutiable under said paragraph as soap not specially provided for, or, alternatively, under paragraph 1459, as nonenumerated articles manufactured in whole or in part. The Board of General Appraisers, on appeal, sustained the classification made by the collector, and the importer brings the case here.

    The collector, having classified the material as toilet soap, his return is presumptively correct.—Pantasote Co. *v.* United States (1 Ct. Cust. Appls. 47; T. D. 31008) and cases there cited. The importer, having appealed from this classification, the burden is upon him not only to establish that this classification is wrong but that the claim or claims made by him is or are correct.—Horsfield *v.* United States (1 Ct. Cust. Appls. 138 [140]; T. D. 31186); Benjamin Iron & Steel Co. *v.* United States (2 Ct. Cust. Appls. 159 [160]; T. D. 31677).

[1] T. D. 40581.

The importer produced one witness on the hearing before the Board of General Appraisers, Charles J. Boland, import manager for the importer. Eliminating such testimony as this court thinks irrelevant and immaterial, this witness testified, in substance, that he was familiar with merchandise like the articles in question, that they are finely scented soap, and are sold to the wholesaler "as ornaments to decorate the mantels," but that he knew nothing about the use to which they are put by the consumers. This evidence is insufficient to overcome the presumption of correctness attaching to the collector's classification. It neither affirmatively establishes that the articles are soap not specially provided for nor that they are nonenumerated manufactured articles.

The judgment of the Board of General Appraisers is therefore *affirmed.*