SHALLUS CO. *v.* UNITED STATES (No. 2471) [1]

1. ARTIFICIAL FRUITS—PARAGRAPH 1419, TARIFF ACT OF 1922.

In *United States* v. *Sears, Roebuck & Co.*, 11 Ct. Cust. Appls. 412, T. D. 39323, it was said that, for articles to be classifiable as "artificial and ornamental fruits," under paragraph 347, tariff act of 1913, their physical characteristics and appearance should be such as to cause them in common understanding and speech to be regarded and described as artificial fruits, and they should be appropriate and suitable for use for those purposes of ornamentation or decoration to which natural fruits may be temporarily devoted, citing *Cochran Co.* v. *United States*, 10 Ct. Cust. Appls. 62, T. D. 38336. This language is as applicable to the provision of paragraph 1419, Tariff Act of 1922, for "artificial or ornamental fruits."

2. SOAP, PARAFFIN-COATED, IMITATING FRUITS.

Soap, colored and formed to imitate crudely various fruits, thinly coated with paraffin for protection and preservation, shown to be known and used only as soap, is toilet soap under paragraph 82, Tariff Act of 1922, and not artificial or ornamental fruits, under paragraph 1419.

United States Court of Customs Appeals, May 11, 1925

APPEAL from Board of United States General Appraisers, Abstract 47772

[Reversed.]

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellant.
*William W. Hoppin*, Assistant Attorney General (*Oscar Igstaedter*, special attorney, of counsel), for the United States.

---

[1] T. D. 40937.

[Oral argument April 22, 1925, by Mr. Tompkins and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

Two protests are involved in this case.

The imported articles crudely resemble, in form and coloring, natural fruits, such as oranges, pears, apples, lemons, etc. Each article is composed of soap covered with a very thin coating of paraffin.

The collector classified the importations as artificial fruits under paragraph 1419 of the Tariff Act of 1922, which provides, among other things, for—

artificial or ornamental fruits  *  *  *  of whatever material composed, not specially provided for, 60 per centum ad valorem;  *  *  *

The importer claims classification as toilet soap under paragraph 82 of the act, the material part of which is as follows:

Soap; Castile, 15 per centum ad valorem; toilet, 30 per centum ad valorem, *  *  *

When the protests came on for hearing before the Board of General Appraisers, counsel stipulated that the merchandise was of the same kind in all material respects as that involved in five other protests that had then already been heard by the board. Thereupon, by agreement of counsel, the records made in hearing such other protests, including the testimony and samples, were moved into the record in this case, which was then submitted on the record thus made up.

In its opinion in the case at bar the board did not discuss the evidence. It stated that the claims in the said five protests were decided adversely to importer's contention in Abstract 46626.

This may be found in volume 44 of the Treasury Decisions, page 496. Referring thereto we find that therein it was said that soap was the basic material from which the articles were made; that they were covered with wax or paraffin and colored so as to be almost exact representations of natural fruit; and that the wax made them impervious to water, in which condition they were unfitted for use as soap.

Based on the reason and authority of said Abstract 46626, the board overruled the protests here involved.

We have carefully examined the testimony in the other cases incorporated in the record here. Therefrom it appears, without contradiction, that these articles are advertised, sold, and used as toilet soaps. They are often referred to as novelty or fancy soaps and are handled in that part of department and drug stores where soaps are sold.

One witness testified that these soaps were purchased in his retail stores mostly by "youngsters"; that the color added to the sales value; that the paraffin coating was a "protectorant" much like wrappers. Another witness said that the paraffin coating was to prevent the soap from drying out, crumbling, or breaking. Another one, when asked if there was anything about them which would prevent their being used as articles of ornamentation, said, in substance, that they were easily scratched; that the covering would get soft and would not "hold up." Another testified that he had personally used the merchandise as soap after removing the paraffin.

There was no testimony tending to show that these pieces of soap were, in fact, used for any purpose other than as a toilet soap.

The only testimony given by Government witnesses was to the effect that, on account of the paraffin with which the soap was covered, it could not as imported be used as soap unless and until the paraffin was removed; that it could be scraped or peeled off; that it would dissolve or liquefy in water at a temperature of about 152° F., which was not, witness said, too warm in which to put one's hands without discomfort, unless the skin was delicate.

We think the testimony of record here, especially in connection with the samples, clearly demonstrates that the judgment of the Board of General Appraisers is not supported by, but is contrary to, the evidence.

In *United States* v. *Sears, Roebuck & Co.,* 11 Ct. Cust. Appls. 412, T. D. 39323, speaking of paragraph 347 of the act of 1913 which is *in pari materia* with paragraph 1419 of the present act, this court, by Martin, Judge, said that the articles there, candy containers made of papier-mâché and fabricated in the forms of apples, pears, etc., were not artificial articles within the sense of the paragraph, "for the reason that their physical characteristics and appearance would not cause them in common understanding and speech to be regarded and described as artificial fruits or as appropriate and suitable to be used for those purposes of decoration or ornamentation to which natural fruits may be temporarily devoted." We think the quoted language is apt and applicable to the merchandise here.

In this connection see also *United States* v. *Dieckerhoff,* 4 Ct. Cust. Appls. 384, T. D. 33796; *United States* v. *Wolff & Co.,* 5 Ct. Cust. Appls. 418, T. D. 34943; and *Morris, Mann & Reilly (Inc.)* v. *United States,* 12 Ct. Cust. Appls. 390, T. D. 40581.

We do not overlook the fact that the earlier paragraph provided for artificial *and* ornamental fruits, etc., while in paragraph 1419 the word "and" in that connection has been changed to "or."

That change, however, does not justify the classification of the collector in this case. The provision for artificial and ornamental

fruits is followed by the term "not specially provided for" and we think under the record in this case the articles here are specially provided for in paragraph 82 as toilet soap.

The Board of General Appraisers should have sustained the importer's protest, and its judgment is, therefore *reversed.*