ALTMAN & Co. *v.* UNITED STATES (No. 2918)[1]

United States Court of Customs Appeals, December 5, 1927

*Marlow & Hines* for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Fred J. Carter* and *Ralph Folks,* special attorneys, of counsel), for the United States.

[Oral argument October 11, 1927, by Mr. Hines and Mr. Carter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The merchandise imported in the case at bar is perfume burners. These were stipulated in the court below to be "in chief value of artificial flowers composed of shell." The sample submitted is about 9 inches in height and consists of a spiral metallic wire base which supports an artificial flower, rose colored, simulating a rose or peony,

---

[1] T. D. 42488.

the petals being pieces of shell wired to a common base. The stem of this artificial flower contains an electric wire, wrapped with green material. Artificial leaves of metal and shell ornament the base. In the center of the flower is a small electric socket fitted with a rose-colored bulb of low candlepower, and a small rose colored cup is cemented upon the top of the bulb in such a way that perfume, poured into it, will be evaporated by the heat of the bulb, when electric current is used in it. Attached to the bottom of the stem is an insulated wire and plug for attachment to any ordinary house electric socket. It can be operated with the ordinary house electric current. No evidence was introduced except the sample.

The collector classified the articles under paragraph 1419 of the Tariff Act of 1922, although it is not clear from the notations upon the invoices whether this was done upon the theory that the imported articles were "artificial flowers" or "articles composed wholly or in chief value of * * * [such] flowers." The importer protested, claiming the goods to be dutiable under paragraph 1440 of said act as manufactures of shell, as unenumerated manufactured articles under paragraph 1459 thereof, or under one of said paragraphs under the similitude provision contained in paragraph 1460 thereof.

The court below sustained the classification and overruled the protest. From the decision of the Customs Court, in the record, it appears that this was done upon the theory that the imported merchandise was—

artificial or ornamental * * * leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for—

and that such designation was more specific than the provision of said paragraph 1440:

shells and pieces of shells, engraved, cut, ornamented, or otherwise manufactured.

From the resulting judgment the importer has appealed.

It is apparent the court below was in error in determining that the articles of importation were artificial flowers. Both the stipulation and the sample plainly show that these are articles composed chiefly of artificial flowers. However, this error is immaterial and does not prejudice the appellant, if, in fact, his goods were classified for duty at the proper rate and under the proper paragraph of the act. *United States* v. *Anderson & Co.*, 3 Ct. Cust. Appls. 191, T. D. 32468. The only question, therefore, before us is: Are the goods in question properly dutiable as articles composed in chief value of artificial flowers under said paragraph 1419, or are they rather dutiable as manufactures of shell under said paragraph 1440? It will be, of course, conceded, that if the goods are specifically named in either of said paragraphs, then they are not classifiable as unenumerated

manufactured articles under said paragraph 1459 or by similitude under said paragraph 1460.

The provisions of the two competing paragraphs, so far as pertinent, are as follows:

1419. Artificial or ornamental feathers suitable for use as millinery ornaments, artificial or ornamental fruits, vegetables, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for, 60 per centum ad valorem; * * * boas, boutonnieres, wreaths, and all articles not specially provided for, composed wholly or in chief value of any of the feathers, flowers, leaves, or other material herein mentioned, 60 per centum ad valorem.

1440. Manufactures of * * * shell, * * * or of which these substances or any of them is the component material of chief value, not specially provided for.

*Cochran Co.* v. *United States,* 10 Ct. Cust. Appls. 62, T. D. 38336, arose under the tariff act of October 3, 1913. In that case certain sprays and clusters made of straw, metal, cord, and, perhaps, other substances, were classified for duty under paragraph 347 of said act of 1913, the pertinent provisions of which are as follows:

347. Artificial and ornamental fruits, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for in this section, 60 per centum ad valorem; boas, boutonnieres, wreaths, and all articles not specially provided for in this section, composed wholly or in chief value of any of the * * * flowers, leaves, or other material herein mentioned, 60 per centum ad valorem.

Against this provision the importers claimed the ·goods to be dutiable under various paragraphs of said act according to their component material of chief value.

This court, after having determined that the goods were artificial flowers and that such artificial flowers were the component of chief value, concluded that the classification as artificial flowers must prevail over that of manufactures of certain specified materials.

The judgment in the *Cochran* case, *supra,* has never been overruled or modified. It having been announced prior to the enactment of the tariff act of 1922, we must consider the reenactment of the language of said paragraph 347 in paragraph 1419 of the Tariff Act of 1922, under the familiar rule, as a legislative recognition and approval of the judgment in the *Cochran* case.

A similar conclusion was arrived at by the court in *Veit, Son & Co.* v. *United States,* 11 Ct. Cust. Appls. 81, T. D. 38732, under said act of 1913. There the contest was between artificial flowers and manufactures of wood. It being shown that the goods were artificial flowers, they were held properly classifiable as such.

The court below, under the Tariff Act of 1922, has, uniformly, arrived at the same conclusion. Abstract 47307, 45 Treas. Dec. 970; Abstract 48790, 47 Treas. Dec. 948—where small electric lamps were involved; Abstract 50149, 48 Treas. Dec. 679—similar electric-light

stands; Abstract 1206, 50 Treas. Dec. 761—involving the same goods as are before us in the case at bar. These decisions, we think, proceed upon proper lines of reasoning.

Several cases are cited by appellant, a consideration of which, it is claimed, would lead to a different conclusion. The first of these, *United States* v. *Wolff*, 5 Ct. Cust. Appls. 418, T. D. 34943, involved small electric-light bulbs made to represent, in color and shape, pears. This court there determined that it was apparent, upon inspection of the goods, that their primary function was that of electric bulbs and that, however much they might simulate a fruit, they were, nevertheless, electric-light bulbs and not artificial fruit. The second case, *United States* v. *Sears, Roebuck & Co.*, 11 Ct. Cust. Appls. 412, T. D. 39323, involved papier-mâché candy boxes, fabricated into the forms of various fruits. The court held—

to the common understanding and in ordinary speech the articles would upon sight and much more upon examination, be considered and described as merely fancy candy boxes for exclusive use as containers of candy.

In *Shallus Co.* v. *United States*, 13 Ct. Cust. Appls. 87, T. D. 40937, pieces of soap crudely resembling certain fruits, but not being used for any other purpose except that of soap, were held properly classifiable as soap and not as artificial fruits.

We can find no fault with the judgments in the cases cited. They are not, however, in point here. In each of the cases cited it was a question whether the articles were in fact artificial fruits or flowers, or not. Here no such question exists, as the parties have stipulated that the articles in question are "in chief value of artificial flowers."

It is argued by appellant that the doctrine of *ejusdem generis* should be applied here; that the language of said paragraph 1419— "boas, boutonnieres, wreaths, and all articles not specially provided for"—should be so construed as to limit the language "and all articles not specially provided for," to articles *ejusdem generis* with boas, boutonnieres and wreaths, and that, the articles before us not being of such character, they can not be classified under this language.

The doctrine of *ejusdem generis* is not applied except where it is necessary to invoke it in order to determine some doubtful classification. *Overton* v. *United States*, 2 Ct. Cust. Appls. 422, T. D. 32172; *United States* v. *Gallagher & Ascher*, 12 Ct. Cust. Appls. 472, T. D. 40670; *United States* v. *Imperial Wall Paper Co.*, 14 Ct. Cust. Appls. 280, T. D. 41886. If the legislative intent is apparent from the language in question, or from the legislative history of the provision, then there is no call to invoke the rule of *ejusdem generis*. From what we have said hereinbefore in connection with our discussion of *Cochran Co.* v. *United States*, and *Veit, Son & Co.* v. *United States*, *supra*, it could hardly be urged with success that the Congress,

when it enacted the language of said paragraph 1419 in the identical language of paragraph 347 of said act of 1913, intended to restrict the language "all articles not specially provided for" to articles of the same genus as boas, boutonnieres and wreaths. We are of opinion the rule can not be invoked here.

The judgment of the court below is therefore *affirmed.*