**No. 44492.**—Protests 909198–G, etc., of Geo. S. Bush & Co., Inc. (Seattle).

WALKER, Judge: These are suits against the United States to recover customs duties alleged to have been improperly exacted on merchandise described on the invoices as "jade flower panels, wood framed," and "semiprecious stone flower panels, wood framed." Duty was assessed thereon at the rate of 60 percent ad valorem under the provision in paragraph 1518 of the Tariff Act of 1930 for articles not specially provided for, wholly or in chief value of artificial fruits, flowers, or leaves composed wholly or in chief value of other materials than yarns, threads, filaments, tinsel wire, lamé, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile. The claim in the protests is that duty should have been taken at the rate of 50 percent ad valorem under the provision in paragraph 233 of the said act for articles in chief value of semiprecious stones.

Samples of the merchandise are in evidence as Collective Exhibit 1. They consist of small, black wooden frames from the lower right-hand inner edge of which wires, covered, colored, and arranged so as to represent stems of plants, stretch diagonally across the frame. At various points along the wires shorter stems protrude, at the end of which are affixed leaves or petals made of jade or berries made of lapis lazuli, the whole representing a sprig or spray of flowers or berries.

The examiner in the appraiser's office who passed the merchandise in issue testified that it is in chief value of semiprecious stones. The only issue to be determined, therefore, is whether or not the articles before us are composed in chief value of artificial flowers, fruits, leaves, etc.

Plaintiff's witness Staadecker testified that he had been engaged in the manufacture of ladies' hats in Seattle for 32 years, and that during the course of such experience he had bought and sold as artificial flowers, fruits, or leaves articles resembling natural flowers, fruits, or leaves, and stated that such articles were made for the purpose of ornamenting hats. Upon examining Collective Exhibit 1 he said that they would not be considered artificial flowers "for the purpose that can be used on a hat."

We do not think that Mr. Staadecker's testimony, limiting the use of artificial flowers to millinery purposes, can be given weight, since neither the provision in paragraph 1518, *supra*, nor its predecessor provisions in previous acts have been limited to artificial flowers used for millinery ornaments, but, in fact, have been held to cover articles having no millinery use whatsoever. In this connection see *Davies Turner & Co. et al.* v. *United States*, T. D. 47170, *Altman* v. *United States*, 15 Ct. Cust. Appls. 318, T. D. 42488, and *Bamberger* v. *United States*, 16 id. 512, T. D. 43238.

In *Cochran Co.* v. *United States*, 10 Ct. Cust. Appls. 62, T. D. 38336, the following test for the determination of the question of whether or not an article was an artificial flower was described:

It may be that neither exhibit truly represents any natural flowers, fruit, leaf, or stem. Nevertheless, both come within the tariff designation of "artificial and ornamental fruits, grains, leaves, flowers, and stems," inasmuch as they are articles which simulate the natural fruit, flower, leaf, or stem in its physical characteristics and appearance sufficiently to cause them in common understanding to be regarded as leaves, stems, flowers, or fruits produced not by nature, but by the hand of man, and which at the same time are appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted.

We are of the opinion that the foregoing test when applied to the articles within the frames in issue at once demonstrates that they are artificial flowers, fruits, or leaves within the provision in paragraph 1518, *supra*, under which they were classified by the collector. They simulate natural flowers, fruits, or leaves in form, shape, and color to a remarkable degree.

Counsel for the plaintiff in their brief manifest the view that they fall short of constituting artificial flowers, etc., within the meaning of the terms used in paragraph 1518, *supra*, for the reason that they present a flat or two-dimensional surface. After examination of the articles we cannot agree with this view. Viewed from any angle they show that they have been made in the round, or three-dimensional, form. It is true that the back, or part which normally faces the wall, is not so well finished as the parts presented for view from the front, but there can be no doubt that they preserve the proportions in all directions.

We are satisfied that the classification made by the collector was correct, and the protest is therefore overruled. Judgment will issue accordingly.