BEFORE THE FIRST DIVISION, JULY 18, 1949

**No. 53404.**—La Bomboniera, Inc. *v.* United States, protest 123066–K (New York).

MOLLISON, Judge:  The merchandise the subject of this protest is described on the invoice as "confectionery flowers," and was assessed with duty at the rate of 60 percent ad valorem under the provisions of paragraph 1518 of the Tariff Act of 1930, which, so far as pertinent, read as follows:

* * *  artificial or ornamental fruits, vegetables, grasses, grains, leaves, flowers, stems, or parts thereof, when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles,

spangles, or rayon or other synthetic textile, 90 per centum ad valorem; when composed wholly or in chief value of other materials and not specially provided for, 60 per centum ad valorem.

The protest claim is for duty at the rate of 20 percent ad valorem under the provision in paragraph 506 of the Tariff Act of 1930, as modified by the British Trade Agreement, T. D. 49753, for—

Sugar candy and all confectionery not specially provided for, valued at 6 cents or more per pound   *   *   *.

It was stipulated by counsel that the merchandise is in chief value of sugar. A sample of the merchandise is before us as plaintiff's exhibit 1. It appears to represent a spray or sprig of flowers—not any particular flower, but flowers in a conventional sense. The stem portion of the spray consists of wire, around which is wound green cellophane. Leaves are represented by green-waxed paper, cut to resemble leaves, having a wire center by which they are affixed to the stem. The flower portion consists of a cluster of pink cellophane-wrapped small candies, obviously designed to represent petals, while the pistils or stamens are represented by small pieces of white paper or papier-mâché fixed in the centers of the clusters. The invoice and the testimony indicate that other types of candies, including chocolates and Jordan almonds, were used in other similar sprays or sprigs which are also here involved.

The single witness who testified was called by the plaintiff. She had been in charge of the retail stores of the plaintiff corporation at the New York World's Fair at the time the articles in question were sold therein. She testified that they were sold by the piece or dozen pieces and were bought by the clients of the stores by the name of the flavor of the candy contained therein. They were sometimes used, she said, to decorate boxes of candy but in such cases were purchased separately by the customer and the request for such use came from the customer. According to her experience, similar sprays were given to guests at weddings, and the candies contained in the sprays were ultimately eaten.

Counsel for the plaintiff has cited in the brief filed in its behalf the case of *Shallus Co.* v. *United States*, 13 Ct. Cust. Appls. 87, T. D. 40937, which involved toilet soap molded in the form of various fruits. It there appeared that the articles involved were advertised and sold as toilet soap, and apparently had no other use than as toilet soap. The court quoted as language apt and applicable to the merchandise the following from *United States* v. *Sears, Roebuck & Co.*, 11 Ct. Cust. Appls. 412, T. D. 39323:

We think that the rule above enunciated should lead us to hold that the present articles are not artificial fruits within the sense of paragraph 347 [of the Tariff Act of 1913], for the reason that their physical characteristics and appearance would not cause them in common understanding and speech to be regarded and described as artificial fruits or as appropriate and suitable to be used for those purposes of decoration or ornamentation to which natural fruits may be temporarily devoted.

and held the soap articles involved to be properly dutiable under the provision for toilet soap rather than as artificial fruits as classified.

We think the language quoted above from the *Sears, Roebuck & Co.* case, which was in turn based upon the rule laid down in *Cochran Co.* v. *United States*, 10 Ct. Cust. Appls. 62, T. D. 38336, upholds the classification made by the collector in the present case rather than the classification claimed in the protest.

It is clear that any examination of the sample, exhibit 1, would cause it in common understanding to be regarded as a spray of artificial flowers, and it is likewise clear that it is appropriate and suitable to be used, in the language of the *Cochran Co.* case, "for those puroses of ornamentation to which the natural products may be temporarily devoted." Indeed, it would seem that its reason

for being was chiefly its decorative effect, for if purchasers bought it for the candy contained therein the latter could obviously be purchased as candy for much less than the made-up spray.

It may very well have been that the sprays were purchased with the ultimate intent of eating the candy contained therein, but this hardly detracts from the fact that their appeal lies in their decorative or ornamental value rather than in their use as candy. We do not consider the testimony of the witness, limited as it was to the manner in which the articles were sold in the retail trade and some slight personal experience in their use, to have established the character of the merchandise as candy sufficiently to overcome the presumption of correctness attaching to the classification made by the collector.

In the brief filed on behalf of the plaintiff the case of *United States* v. *Dieckerhoff, Raffloer & Co.,* 4 Ct. Cust. Appls. 384, T. D. 33796, is also cited. That case involved small pieces of wax used in waxing thread, resembling in shape and color, but not in size, various fruits or vegetables. It clearly appeared that the articles had no ornamental or decorative value and were used solely as sewing articles. The decision in that case, that the sewing wax was not dutiable as artificial fruits, was consistent with later holdings in the *Cochran Co., Sears, Roebuck & Co.,* and *Shallus Co.* cases, and we do not regard it as authority contrary to our holding here.

The quoted language from the *Sears, Roebuck & Co.* case was held in the *Shallus Co.* case to be applicable to the artificial flowers provision contained in paragraph 1419 of the Tariff Act of 1922, and a comparison of those provisions with the existing provision in paragraph 1518 of the present act, under which the sprays at bar were classified, indicates that there was no intention on the part of Congress to change the settled interpretation of the language.

The protest is therefore overruled, and judgment will issue accordingly.