(C. D. 1291)

CORO, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided January 4, 1951)

John D. Rode for the plaintiff.

David N. Edelstein, Assistant Attorney General (John J. McDermott, special attorney), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

MOLLISON, Judge: At the time of importation of the articles the subject of this protest, paragraph 1527 (a) (2) of the Tariff Act of 1930 (19 U. S. C. §1001, par. 1527 (a) (2)), as modified by the Trade Agreement with Mexico, T. D. 50797, read as follows:

Jewelry, commonly or commercially so known, finished or unfinished (including parts thereof), of whatever material composed (except jewelry composed wholly or in chief value of gold or platinum, or of which the metal part is wholly or in chief value of gold or platinum):

| | |
|---|---|
| Valued above 20 cents but not above $5 per dozen pieces | ½¢ each plus ⅗₀¢ per doz. for each 1¢ the value exceeds 20¢ per doz., and 25% ad valorem. |
| Valued above $5 per dozen pieces | ½¢ each plus ⅗₀¢ per doz. for each 1¢ the value exceeds 20¢ per doz., and 25% ad valorem. |

Provided, That none of the foregoing shall be subject to a less amount of duty than would be payable if the article were not dutiable under this paragraph.

The foregoing rates are equivalent to 55 per centum ad valorem. Basing his action upon the proviso quoted above, the collector of customs determined that if the articles here in question were not dutiable under the foregoing jewelry paragraph, they would be dutiable under the provision in paragraph 1518 of the same act for articles composed wholly or in chief value of artificial flowers composed wholly or in chief value of materials other than yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile, bearing duty at the rate of 60 per centum ad valorem, and assessed duty at that rate accordingly.

The protest claim is for duty at the rates provided in paragraph 1527 (a) (2), as modified, on the ground that the imported merchandise does not consist of articles in chief value of artificial flowers.

The evidentiary record consists of a sample of the imported merchandise, which is before us as exhibit 1, and the oral testimony of the foreign buyer of the plaintiff corporation. Exhibit 1 consists of a pin or brooch, composed of metal and glass, which, aside from the

pin back, obviously represents a conventional flower in the sense that it displays a petal and pistil or stamen formation.

The single witness called testified that he had seen the articles in question used many times in various places in different parts of New York State and New York City by being worn on dresses, coats, and hats as jewelry for the purposes of ornamentation. He stated that he had never seen such articles used in any way other than to ornament the person, and that he had never seen that part of exhibit 1 exclusive of the pin used by itself or used to ornament any object or person.

. Counsel for both parties in the briefs have cited and referred to the definition of artificial flowers contained in the decision of our appellate court in the leading case of *Cochran Co.* v. *United States*, 10 Ct. Cust. Appls. 62, T. D. 38336, reading as follows:

It may be that neither exhibit truly represents any natural flower, fruit, leaf, or stem. Nevertheless, both come within the tariff designation of "artificial and ornamental fruits, grains, leaves, flowers, and stems," inasmuch as they are articles which simulate the natural fruit, flower, leaf, or stem in its physical characteristics and appearance sufficiently to cause them in common understanding to be regarded as leaves, stems, flowers, or fruits produced not by nature, but by the hand of man, and which at the same time are appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted.

The article before us consists of a representation of a flower attached to a pin back. So far as the flower portion is concerned, we are of the opinion that an examination of the sample leads to the conclusion that it is an artificial flower under the foregoing definition. Plaintiff has offered no proof as to the comparison of value between the flower portion and the pin back of exhibit 1, so that the presumption of correctness attending the collector's finding that it is an article composed in chief value of artificial flowers has not been overcome.

The testimony of the single witness in no way controverts the collector's classification. There was neither direct nor implied negation of the fact that the article at bar is an article composed in chief value of artificial flowers. In its essence, his testimony was that he had seen the articles in question worn as jewelry for the purposes of ornamentation, and it is the contention of counsel for the plaintiff that the articles in question cannot be articles composed in chief value of artificial flowers because they are articles of jewelry.

This argument overlooks the fact that Congress provided in the jewelry provision that—

* * * none of the foregoing shall be subject to a less amount of duty than would be payable if the article were not dutiable under this paragraph—

and thus indicated that Congress was of the belief that articles might be subject to classification as jewelry and to some other classification in the tariff act if the jewelry provisions were not invoked.

We may take judicial notice of the fact that artificial flowers and articles made in chief value thereof are sometimes worn for the purposes of ornamentation, and nothing has been suggested to us which would lead us to conclude that the terms "articles not specially provided for, composed wholly or in chief value of  *  *  *  [artificial] flowers" as found in paragraph 1518 and "jewelry" as found in paragraph 1527 (a) (2) are mutually exclusive.

Counsel for the plaintiff has cited the case of *United States* v. *Darling*, 10 Ct. Cust. Appls. 57, T. D. 38334, wherein certain ivory carved in the form of roses, pansies, daisies, and so forth, made up into brooches, scarf pins, and pendants were classified as jewelry by the collector under the provisions of paragraph 356 of the Tariff Act of 1913. They were claimed to be dutiable as manufactures in chief value of ivory under the provisions of paragraph 369 of the same act. While the original classification of the collector was not abandoned by the Government, it was alternatively contended that if the articles were not dutiable as jewelry they were dutiable under the artificial flowers provision in the act. It should be noted that the jewelry paragraph of the 1913 act did not contain a proviso of the type found in the existing jewelry paragraph and quoted above.

The decision of this court was in favor of the plaintiff's claim, and on appeal it was held that under the then-existing definition of jewelry (which limited the term to articles of precious or imitation precious metal alone or in combination with precious or imitation precious stones) the ivory articles involved were not jewelry. The appellate court was also of the opinion that the articles "are not properly to be designated as artificial flowers" and although the late Presiding Judge Montgomery, who wrote the opinion, expressed his personal doubt as to the correctness of this view, he stated that he would not insist upon the contrary rule—

*  *  *  in view of the other well-established rule that in case of doubt the question involved should be solved in favor of the importer, and this question is not free from doubt.

We think the *Darling* case, *supra*, is distinguishable from the precent case in two fundamental aspects: First, in this case there is a finding implicit in the classification made by the collector that the articles in fact are composed in chief value of artificial flowers, and this finding has a statutory presumption of correctness attaching to it and has not been rebutted. No such presumption attended the Government's contention under the artificial flowers provision in the *Darling* case, as classification had been made under another, and completely separate provision. Second, the 1913 act did not contain a proviso such as that found in paragraph 1527 (a) (2), *supra*, which contemplates that alternate classification of jewelry articles may exist.

On the record before us we are satisfied that the plaintiff has not met its dual burden of establishing that the collector's classification was wrong and that the classification contended for is correct.

Judgment will therefore issue overruling the protest claim accordingly.