CORO, INC. *v.* UNITED STATES (No. 4675)[1]

United States Court of Customs and Patent Appeals, January 29, 1952

*John D. Rode* for appellant.

*David N. Edelstein,* Assistant Attorney General (*Richard F. Weeks,* special attorney, of counsel), for the United States.

Before GARRETT, Chief Judge, and JACKSON, O'CONNEL, JOHNSON, and WORLEY, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

Appellant has appealed from a judgment of the United States Customs Court, First Division, made pursuant to its decision, C. D. 1291, overruling a protest against the assessment of duty by the Collector of Customs at the port of New York on certain costume jewelry at the rate of 60 per centum ad valorem. The merchandise was classified under the provisions of paragraph 1527 (a) of the Tariff Act of 1930, as amended by the Trade Agreement with Mexico, T. D. 50797, and paragraph 1518 of the same Act as jewelry in chief value of artificial flowers.

The pertinent portions of the involved paragraph 1527 (a), as amended, and paragraph 1518 read as follows:

Par. 1527 (a), as amended:

Jewelry, commonly or commercially so known, finished or unfinished (including parts thereof), of whatever material composed (except jewelry composed wholly or in chief value of gold or platinum, or of which the metal part is wholly or in chief value of gold or platinum):

Valued above 20 cents but not above $5 per dozen pieces_____

½¢ each plus ⅗₀¢ per doz. for each 1¢ the value exceeds 20¢ per doz., and 25% ad valorem.

Valued above $5 per dozen pieces_____

½¢ each ⅗₀¢ per doz. for each 1¢ the value exceeds 20¢ per doz., and 25% ad valorem.

*Provided,* That none of the foregoing shall be subject to a less amount of duty than would be payable if the article were not dutiable under this paragraph.

Par. 1518. * * * artificial or ornamental fruits, vegetables, grasses, grains, leaves, flowers, stems, or parts thereof, when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile, 90 per centum ad valorem; when composed wholly or in chief value of other materials and not specially provided for, 60 per centum ad valorem * * *.

Appellant claimed in its protest that the imported merchandise is

properly dutiable under the former paragraph at the rate of 55 per centum ad valorem as jewelry.

One witness, an employee of appellant, testified and an exhibit, which is an official sample of the imported goods, was received in evidence. The Government offered no evidence.

The exhibit is in the form of a pin or brooch. It is composed of metal and glass. Aside from the pin portion, the brooch consists of three layers of metal in trefoil form superimposed one on another in successively smaller diameters. The trefoil portions are black in color with a bright silver-like edging. In the ·center of the outer face of the brooch there is mounted on a short post of seemingly cheap metal, a piece of glass with facets thereon like those of a round cut diamond. The portion of the brooch apart from the pin may be said to be in the form of a conventional flower.

The testimony discloses that the articles are used for costume jewelry designed to be attached to dresses, coats, and hats of women as ornaments. There is nothing in the record to show that the flower-like portion of the exhibit is ever used by itself or for use in ornamenting wearing apparel.

The trial court properly held that the classification by the collector carries with it the presumption of correctness. It further held that such presumption had not been overcome by the evidence offered on behalf of appellant. In arriving at its conclusion, the trial court quoted from the leading case of *Cochran Co. et al.* v. *United States,* 10 Ct. Cust. Appls. 62, T. D. 38336, as follows:

It may be that neither exhibit truly represents any natural flower, fruit, leaf, or stem. Nevertheless, both come within the tariff designation of "artificial and ornamental fruits, grains, leaves, flowers, and stems," inasmuch as *they are articles which simulate the natural fruit, flower, leaf, or stem in its physical characteristics and appearance sufficiently to cause them in common understanding to be regarded as leaves, stems, flowers, or fruits produced not by nature, but by the hand of man, and which at the same time are appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted.* [Emphasis added.]

It was held by the trial court that an examination of the exhibit leads to the conclusion that the imported articles are chiefly composed of an artificial flower under the quoted definition. The court stated that the case of *United States* v. *Darling,* 10 Ct. Cust. Appls. 57, T. D. 38334, cited by counsel for appellant, was distinguishable from the instant case in that no presumption of correctness was contended for by Government counsel under the artificial flowers provision and that, as previously mentioned, such presumption had not been overcome in the instant case.

The sole question for decision here is whether the involved merchandise consists in chief value of artificial flowers.

It is conceded by counsel for both parties that the action of the

collector carries with it a presumption that the imported articles are jewelry.

In the briefs of both parties the leading case of *Cochran Co. et al.* v. *United States, supra,* appears to be relied upon. There, articles made of various materials were classified as artificial flowers and leaves used as millinery ornaments and were accordingly assessed for duty as such. The protests claimed the goods to be dutiable at lesser rates according to the component material of chief value. This court held the following items to be artificial flowers: a cluster made of black straw wound into the form of berries or grapes and set on a black straw leaf attached to a stem made of straw and metal; a spray of black leaves bearing a black rose composed of black straw sewed to a fabric which served as a foundation. It is argued by counsel for the Government that the involved goods have the same qualifications for classification as artificial flowers as the articles in the *Cochran Co. et al.* case, *supra.*

Counsel for appellant in his brief contends that the involved merchandise does not square with the requirements set forth in the *Cochran Co. et al.* case, *supra,* so as to constitute the imported goods as being in chief value of artificial flowers. In support of his contention he also cited the cases of *United States* v. *Darling, supra; Veit, Son & Co.* v. *United States,* 11 Ct. Cust. Appls. 81, T. D. 38732; *United States* v. *Sears, Roebuck & Co.,* 11 Ct. Cust. Appls. 412, T. D. 39323; *Shallus Co.* v. *United States,* 13 Ct. Cust. Appls. 87, T. D. 40937; *Altman & Co.* v. *United States,* 15 Ct. Cust. Appls. 318, T. D. 42488. Counsel for the Government discussed in their brief several of the cases cited by counsel for appellant, but apparently rely entirely upon the *Cochran Co. et al.* case, *supra.*

It may be noted by a reading of the quotation hereinbefore set out from the *Cochran Co. et al.* case, *supra,* that under the succinct wording thereof, even though the imported articles need not directly represent any natural flower, fruit, leaf, or stem, if those things are simulated in their physical characteristics and appearances so as to be regarded as such in common understanding as being made by man instead of being produced by nature, that they come within the scope of the Tariff Act providing for artificial plant life.

We desire to draw particular attention to the latter portion of that quotation which determined that, even though the artificial articles possess the attributes and qualities set forth in the previous portion of the quotation, those articles must be such that they " * * * at the same time are appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted."

In our opinion, even though it may be said that the involved articles are conventionally flower-like, they are neither appropriate

nor suitable for the well-known purposes of ornamentation to which artificial flowers may be temporarily devoted. They are simply costume jewelry in the form of brooches which, omitting the pin portion, may be said to look like the form of some kind of a flower. It would tax the imagination to picture such articles as being artificial flowers in accordance with common understanding.

It is conceded in the brief of counsel for the Government that there can be no question but that the decorative portion of the merchandise represents the component material of chief value, under authority of the *Cochran Co. et al.* case, *supra,* in which it was stated, and is quoted in the brief of Government counsel as follows:

\* \* \* Whatever the straw spheroids may represent, the spray upon which they are set is clearly composed of an artificial stem and leaves which by virtue of the presumption of correctness attaching to the collector's decision must be regarded as the component of chief value, nothing to the contrary appearing in the record.

In our opinion, from what has hereinbefore been set out, the imported articles are properly dutiable as claimed by appellant.

Therefore, the judgment of the United States Customs Court is *reversed* and the cause *remanded* for further proceedings consistent with this opinion.