VEIT, SON & CO. *v.* UNITED STATES (2088).[1]

1. EVIDENCE, EXHIBITS ALONE.
    The protest having been submitted by the importers with no objection by the Government for the Board of United States General Appraisers to determine from an inspection of the exhibits, without other evidence, whether or not the merchandise was artificial flowers, it was the duty of the board to do so.
2. CONSTRUCTION, PARAGRAPH 347, TARIFF ACT OF 1913—"ARTIFICIAL FLOWERS."
    An artificial flower (par. 347, act of 1913) is one that simulates the natural flower in its physical characteristics and appearance sufficiently to cause it in common understanding to be regarded as a flower produced, not by nature but by the hand of man, and at the same time is appropriate and suitable to be used for those purposes of ornamentation to which the natural product may be temporarily devoted.— Cochran & Co. *v.* United States (10 Ct. Cust. Appls., 62; T. D. 38336.)
3. CONSTRUCTION, PARAGRAPH 176, TARIFF ACT OF 1913—"WOOD," RAFFIA IS.
    A manufacture of raffia is a manufacture of wood within the meaning of paragraph 176, tariff act of 1913.—Steinhardt & Bro. et al. *v.* United States (8 Ct. Cust. Appls., 404; T. D. 37646, and 9 Ct. Cust. Appls., 62; T. D. 37940).

United States Court of Customs Appeals, May 23, 1921.

APPEAL from Board of United States General Appraisers, Abstract 44051.

[Modified.]

*Sharretts, Coe & Hillis* (*Samuel T. Siegel* of counsel) for appellants.
*Bert Hanson,* Assistant Attorney General, for the United States.

---

[1] T. D. 38732.

[Oral argument May 5, 1921, by Mr. Siegel and Mr. Hanson.]

Before SMITH, BARBER, and MARTIN, Judges; DE VRIES, Judge, participating in the decision by agreement of counsel.

BARBER, Judge, delivered the opinion of the court:

The merchandise, the classification of which is here in controversy, is composed in chief value of raffia. The collector assessed it in connection with numerous other articles as artificial flowers and artificial leaves at 60 per cent ad valorem under paragraph 347 of the tariff act of 1913. Various other questions, not here involved, were raised by the protest.

The issue before us reduces to a single question of fact; that is, whether any of the merchandise which is represented by three typical exhibits, being the first three on a sheet of cardboard, is or is not an artificial flower; if any is, the collector's classification thereof should be upheld; if any is not, the classification thereof should be reversed, and such merchandise held dutiable as manufactures of wood, because we regard raffia as wood. See Steinhardt & Bro. v. United States (9 Ct. Cust. Appls., 62; T. D. 37940).

The first article is designated by items and numbers 6332, 4219, 4220.

The second is designated by items and numbers 6332, 4107, 3997, 3998, 4108, 4170, 4209, 4180, 4181 (or 4189, we are unable to determine which), 4169, 4177, 3920, 3921 (or 3914, we are unable to determine which), 3965, 3966, 4059, 4084, 3883, 3879, 3881, 3888 (or 3880, we are unable to determine which), 3789, 3748, 3828, 3877, 3878, 3876, 3977, 3919 (or 3979, we are unable to determine which).

The third is designated by items and numbers 9448, 3996, 4111, 4109, and 4144.

The reason for the uncertainty as to certain of the numbers as above mentioned arises from the fact that there is some discrepancy between the items and numbers in the stipulation entered into before the board, those contained in the assignment of errors, and those connected with the first three exhibits on the card above referred to, but this opinion is limited to those three items and the merchandise of which they are typical.

At the hearing of the protest before the board, the only oral testimony offered was on behalf of the importers identifying the samples which were received in evidence.

It was stated by counsel for importers that it was agreed as to the items above mentioned that the question as to whether or not they were artificial flowers was for the board to determine upon an inspection of the samples. Without objection on the part of the Government it was submitted with that understanding.

After disposing of certain other questions raised by the protest, the board said with reference to the particular samples, that it did

not believe it to be its function to determine, without the aid of oral evidence, the submitted question, declined to assume that responsibility, and overruled the protest as to the merchandise represented thereby.

The importers appealed, and contend here that, inasmuch as there is no issue of commercial designation, the question of whether or not any of the merchandise is an artificial flower or not is a matter of common understanding, which may be determined by the triers upon the exhibits themselves. We think this contention is sound.

In Cochran & Co. *v.* United States (10 Ct. Cust. Appls., 62; T. D. 38336) Smith, Judge, for the court, announced the principle that an artificial flower was one that simulated the natural flower in its physical characteristics and appearance sufficiently to cause it in common understanding to be regarded as a flower produced not by nature but by the hand of man, and at the same time appropriate and suitable to be used for those purposes of ornamentation to which the natural product might be temporarily devoted.

As this is a matter of common understanding, we see no impropriety in submitting the question to the board, as was done in this case, upon the exhibits themselves, and think the board should, upon an inspection of the exhibits, have determined the issue.

One member of the board adopted that view.

In this state of the case the cause might well be remanded to the board for a finding, but counsel for both parties agree that, inasmuch as the whole matter is before us, a final determination may well now be had.

We are of opinion, upon inspection of the exhibits, that the merchandise which is represented by items and numbers 9448, 3996, 4111, 4109, and 4144, being the third exhibit in order upon the cardboard, before referred to, is in its physical characteristics and appearance an article that in common understanding would be an artificial flower within the rule of the Cochran case, supra. The collector's assessment is presumed to be correct, and we think the exhibit itself rather confirms than refutes it. The protest, so far as it relates thereto, should be overruled.

As to the merchandise typified by the other items and numbers, being the first two exhibits on the cardboard, we are of opinion that the protest should be sustained.

As to those two exhibits, in our opinion, they are not such as in any degree, in common understanding, simulate a natural flower in physical characteristics and appearance sufficiently to cause them to be regarded as a flower in any sense, nor do they simulate any natural leaf. Their probative force is entirely adequate to overcome the presumed correctness of the collector's classification and establish the protestants' claim.

As to any other merchandise involved in the hearing before the board, its judgment stands, as no question is raised with reference thereto.

The result is that the judgment of the Board of General Appraisers is *reversed* as to the merchandise involved in the items and numbers above mentioned, excepting as to items and numbers 9448, 3996, 4111, 4109, and 4144, respecting which its judgment is *affirmed.*