BEFORE THE FIRST DIVISION, JANUARY 20, 1941

**No. 45233.**—Protests 939597–G, etc. of O. E. Barrant (San Francisco).

WALKER, Judge: These are suits against the United States brought at the port of San Francisco for the recovery of money claimed to have been illegally exacted as customs duties on importations of so-called iron pictures.   They were assessed with duty by the collector at the rate of 60 percent ad valorem under the provision in paragraph 1518, Tariff Act of 1930, for artificial flowers, and are claimed to be properly dutiable at the rate of 45 percent ad valorem under the provision in paragraph 397 of the same act for articles, not specially provided for, composed wholly or in chief value of base metal, not plated with platinum, gold, or silver, or colored with gold lacquer.

On the trial of the issue Oliver E Barrant, the importer, took the stand and identified an article to which was attached a tag marked "5277, Entry 4255" as representing invoice item No. 5277 on entry 4255, covered by protest 966566–G, and an article tagged "5276, Entry 4255" as representing invoice item No. 5276 on entry 4255, likewise covered by protest 966566–G.   These articles were offered in evidence as representative samples, and there being no objection thereto were marked exhibits 1 and 2, respectively.   Mr. Barrant also identified another article as being similar to the merchandise described on the invoice covered by protest 939597–G as "Iron pictures with Frames," and it was offered in evidence by counsel for the plaintiff, and there being no objection was marked illustrative exhibit 3. It was stipulated that the merchandise was composed in chief value of base metal not plated with platinum, gold, or silver, not aluminum, and not colored with gold lacquer.

Considering first the merchandise represented by exhibits 1 and 2, we are satisfied from a mere examination of the articles that they do not respond to any

definition of what constitutes an artificial flower as laid down by this court or the Court of Customs and Patent Appeals. They are each evidently punched and stamped from one piece of sheet metal, exhibit 1 purporting to represent a frame in which are two yellow flowers and some leaves and stems, and exhibit 2 representing some trees and a house of sorts. The work is crudely done and the flower or tree portion of the exhibits is in the flat, or two-dimensional, form. Certainly, as said by the Court of Customs and Patent Appeals in *United States* v. *Sears, Roebuck & Co.*, 11 Ct. Cust. Appls. 412, 414, T. D. 39323,

—their physical characteristics and appearance would not cause them in common understanding and speech to be regarded and described as artificial fruits [or flowers, etc.,] or as appropriate and suitable to be used for those purposes of decoration or ornamentation to which natural fruits may be temporarily devoted. [Words in brackets added.]

We therefore hold that the merchandise represented by exhibits 1 and 2 was improperly classified as artificial flowers and that the plaintiff's claim for classification as articles in chief value of base metal, not plated with platinum, gold, or silver, or colored with gold lacquer under paragraph 397 should be sustained.

Turning to a consideration of illustrative exhibit 3, however, and the merchandise it represents, we find the exhibit consists of a black wooden frame 10½″ x 31″, designed to be hung so that the shorter side is at the bottom, and to the lower right hand inner corner of which wrought iron "stems" are fastened which extend sidewise and upward through the space enclosed by the frame. To the stems are fastened flowers and leaves, apparently also made of iron, the stems, flowers, and leaves being oxidized or painted a dull brown color. The stems, flowers, and leaves simulate the natural in size, shape, form, and in all respects save in color, and the whole article is evidently designed to be used as a wall decoration.

We think these so-called iron pictures respond positively to the test of what constitutes artificial flowers given by the Court of Customs and Patent Appeals in *Cochran Co.* v. *United States*, 10 Ct. Cust. Appls. 62, T. D. 38336, in the following language:

It may be that neither exhibit truly represents any natural flower, fruit, leaf, or stem. Nevertheless, both come within the tariff designation of "artificial and ornamental fruits, grains, leaves, flowers, and stems," inasmuch as they are articles which simulate the natural fruit, flower, leaf, or stem in its physical characteristics and appearance sufficiently to cause them in common understanding to be regarded as leaves, stems, flowers, or fruits produced not by nature, but by the hand of man and which at the same time are appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted.

We do not overlook the line of cases beginning with *Bullocks, Inc.* v. *United States*, Abstract 37003, involving merchandise apparently similar to that in the case at bar. The cited case was decided principally upon samples received in evidence which the court found did not simulate natural flowers. Illustrative exhibit 3 before us, as already stated, does simulate natural flowers in all respects save in color, and we think it does so sufficiently to cause it—

—in common understanding to be regarded as leaves, stems, [and] flowers * * * produced not by nature, but by the hand of man, and which at the same time are appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted. [Word in brackets added.]

While it is true that natural flowers would probably not be enclosed in a frame as are the artificial flowers here, nevertheless they are often used for wall decoration, which is obviously the purpose of the article at bar.

Judgment will therefore issue sustaining protest 966566–G as to items 5276 and 5277 covered by entry 4255, but overruling protest 939597–G for the reasons hereinbefore stated.