(C. D. 425)

M. Pressner & Co. et al. v. United States

United States Customs Court, First Division

(Decided January 27, 1941)

*Siegel & Mandell (Sidney Mandell* of counsel) for the plaintiffs.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard F. Weeks* and *Joseph E. Brady,* special attorneys), for the defendant.

Before Brown and Walker, Judges; Oliver, P. J., not participating

Walker, Judge: These are suits against the United States brought at the port of New York for the recovery of money claimed to have been illegally exacted as customs duties on merchandise described on the invoices as "shell flowers." It was classified by the collector as artificial flowers subject to duty at the rate of 60 per centum ad valorem under the provisions of paragraph 1518 of the Tariff Act of

1930, and is claimed to be properly dutiable at 35 per centum ad valorem under the provision for manufactures in chief value of shell, not specially provided for.

On the trial of the issue samples representing the merchandise in dispute were offered and received in evidence without objection as exhibits 1 and 2. They are very similar in appearance, exhibit 2 being somewhat larger than exhibit 1. Each consists of a small glazed earthenware pot filled with a black material to imitate earth from which a paper-covered wire, to represent a stem, protrudes. Attached to the stem are small wires to which are joined small shells, obviously representing leaves, buds, petals, etc.

On behalf of the plaintiffs two witnesses testified that the article is used solely as an ornament in the home "on what-not shelves, and perhaps on a table," and that it is sold under various names such as "shell flower pot," "shell flowers," "shell whatnots," and "shell ornaments." On behalf of the defendant a witness who testified that he had been in the artificial flower business for over 15 years stated he had sold shell flowers during that time as artificial flowers, but it appears from his description of the articles that they were much larger than those at bar.

Examination of exhibit 1 shows that to all intents and purposes it was intended as an imitation of a flower. The pot is an imitation of that universally used for small flowers or plants; in it is imitation earth in which the stem is set; the shells attached to the stem are of such shape that they imitate leaves, petals, and buds, and in the center of the top are attached small orange articles in imitation of stamens Exhibit 2 has each and all of the characteristics of exhibit 1.

The leading case, and to our mind the ruling case which must guide us in our decision, on the subject of artificial flowers is *Cochran Co. et al.* v. *United States*, 10 Ct. Cust. Appls. 62, T. D. 38336. In that case the court made the following observation:

It may be that neither exhibit truly represents any natural flower, fruit, leaf, or stem. Nevertheless, both come within the tariff designation of *"artificial* and *ornamental* fruits, grains, leaves, *flowers*, and stems," inasmuch as they are articles which simulate the natural fruit, flower, leaf, or stem in its physical characteristics and appearance sufficiently to cause them in common understanding to be regarded as leaves, stems, flowers, or fruits produced not by nature, but by the hand of man, *and which at the same time are appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted.* [Italics added.]

As pointed out by the court, it is not necessary that an artificial flower represent any particular flower in order to come within the tariff provision for artificial flowers, which is substantially the same in the existing tariff act as that referred to in the excerpt above from the Tariff Act of 1913. The articles before us do not represent any particular flower with which the court is familiar, but they represent

a conventional flower. The pot, the earth, the stem, the leaves and buds which shoot from the stem, the petals, and the stamens all combine to make a crude imitation of a flower it is true, but decidedly and nonetheless it represents a flower, artificially made, and intended for ornamental purposes. In fact, every essential detail is to be found in it to bring it within the definition given in the *Cochran* case, *supra*.

Counsel for the plaintiffs cite the case of *M. Pressner & Co.* v. *United States*, Abstract 39751. Decision in that case was given in favor of the plaintiffs on the theory that the shell flowers there in issue did not simulate any known variety of flower. We are satisfied that the *Cochran* case is authority on that point and must decline to consider the *Pressner* case as controlling. This likewise applies to Abstracts 41606, 41608, and 43205, also cited by plaintiffs. The cases of *Veit* v. *United States*, 11 Ct. Cust. Appls. 81, T. D. 38732, and *Shallus* v. *United States*, 13 id. 87, T. D. 40937, to our mind do not sustain the position argued for by the plaintiffs, but in truth may well be cited as authority for sustaining the collector's classification.

Judgment will therefore issue in favor of the defendant.