No. 58163.—G. A. Westphal Co., Inc., and Rohner Gehrig & Co., Inc. *v.* United States, protests 175312–K and 175702–K (New York).

OLIVER, Chief Judge: This case relates to merchandise described on the invoices as wrought iron trees. The collector assessed duty at the rate of 45 per centum ad valorem under paragraph 1518 of the Tariff Act of 1930, as modified by T. D. 51802, supplemented by T. D. 51898, as articles in chief value of artificial stems and leaves, not specially provided for. Plaintiffs claim that the merchandise is properly dutiable at the rate of 22½ per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as modified by T. D. 51802, as articles or wares not specially provided for, composed wholly or in chief value of metal, and not plated with platinum, gold, or silver, or colored with gold lacquer.

The sole witness was an employee (clerk and salesman) of the plaintiff corporation, G. A. Westphal Co., Inc., an importer of novelties. The witness was unable to produce a sample of the present merchandise because, as he stated, "They are all sold out." Instead, there was received in evidence, as representative of the imported articles, a pictorial illustration thereof (plaintiff's illustrative exhibit 1), which the parties stipulated is an "advertisement on the part of the company illustrating how it is used," and wherein it is described as "TREE PITCHER HOLDER." The said pictorial representation depicts the present merchandise as being a metal stand, 9¾ inches high, made with a three-legged base, and having an upright stem with arms extending therefrom. The so-called arms or extensions protrude at different places and at various angles from the stem and have hooked ends, from which there are hung copper pitchers of various sizes and shapes. The witness stated that the article in question is composed of metal; that it is not plated with platinum, gold, or silver; that it "has the color of iron; something like a greenish color"; that there are no lines of demarcation indicating where the arms extend from the upright stem; and that there is nothing painted on, or attached or added to the article. The witness testified further that the present merchandise is used for display purposes, particularly "to display little copper pitchers."

The provision for artificial stems and leaves, invoked herein by the collector, was the subject of judicial interpretation as early as 1920, in the case of *Cochran Co. et al.* v. *United States*, 10 Ct. Cust. Appls. 62, T. D. 38336, wherein the court stated as follows:

It may be that neither exhibit truly represents any natural flower, fruit, leaf, or stem. Nevertheless, both come within the tariff designation of "artificial and ornamental fruits, grains, leaves, flowers, and stems," inasmuch as they are articles which simulate the natural fruit, flower, leaf, or stem in its physical characteristics and appearance sufficiently to cause them in common understanding to be regarded as leaves, stems, flowers, or fruits produced not by nature, but by the

hand of man, and which at the same time are appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted.

The most recent expression by the United States Court of Customs and Patent Appeals involving the provisions of paragraph 1518, as amended, *supra*, was given in the case of *Coro, Inc.* v. *United States*, 39 C. C. P. A. (Customs) 154, C. A. D. 478. In that case, the court, referring to the foregoing quotation from the *Cochran Co. et al.* case, *supra*, stated as follows:

We desire to draw particular attention to the latter portion of that quotation which determined that, even though the artificial articles possess the attributes and qualities set forth in the previous portion of the quotation, those articles must be such that they "* * * at the same time are appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted."

Under the cited authorities, the articles in question are not within the class of merchandise contemplated by the provisions of paragraph 1518, as amended, *supra*. These metal pitcher holders are neither appropriate nor suitable for use for those purposes of ornamentation to which artificial stems and leaves may be devoted. What was stated in the *Coro, Inc.*, case, *supra*, can also be repeated here with the same force and effect: "It would tax the imagination to picture such articles as being artificial * * * [stems and leaves] in accordance with common understanding."

The articles in question, as shown by the record before us, are media for advertising, which, by design and actual use, exhibit or display in an attractive manner an "IMPORTED COPPER PITCHER ASSORTMENT—12 different shapes, 2" high" (illustrative exhibit 1, *supra*), and, being composed of metal, unplated, they are properly dutiable at the rate of 22½ per centum ad valorem under said amended paragraph 397, as claimed by plaintiffs.

Counsel for defendant, in their brief, have cited several cases that arose under different tariff acts and involved various kinds of merchandise which were held to be classifiable under provisions substantially the same, if not identical, with those invoked by the collector herein. *Halle Bros. Co.* v. *United States*, 47 Treas. Dec. 948, Abstract 48790; *L. Bamberger & Co.* v. *United States*, 16 Ct. Cust. Appls. 512, T. D. 43238; *M. Pressner & Co. et al.* v. *United States*, 6 Cust. Ct. 55, C. D. 425; *Geo. S. Bush & Co., Inc.* v. *United States*, 5 Cust Ct. 347, Abstract 44492; *United States* v. *American Bead Co.*, 9 Ct. Cust. Appls. 193, T. D. 38044; *Bullocks, Inc.* v. *United States*, 13 Cust. Ct. 62, C. D. 870. In each of those cases, the conclusion was based on a record showing that the particular merchandise under consideration simulated natural flowers, leaves, or stems in physical characteristics and appearance sufficient to cause them in common understanding to be regarded as flowers, leaves, or stems, produced not by nature but by the hand of man. The same is not true, for reasons hereinabove set forth, with respect to the metal pitcher holders here under consideration. All of the said cases are, therefore, distinguishable from the present one.

The protests are sustained and judgment will be rendered accordingly.