(C. D. 1853)

MARSHALL FIELD & COMPANY v. UNITED STATES

United States Customs Court, First Division

(Decided March 7, 1957)

*Wallace & Schwartz* (*Barnes, Richardson & Colburn* by *Edward N. Glad* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Henry J. O'Neill*, trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges; OLIVER, C. J., dissenting

WILSON, Judge: These are protests against the collector's assessment of duty on certain merchandise at the rate of 45 per centum ad valorem under paragraph 1518 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, supplemented by Presidential proclamation, T. D. 51898, as artificial flowers or fruits. The merchandise in protest 230473–K herein was invoiced as "Metal fruits w/leaves" and that in protest 279842–K was invoiced as "Iron pictures of 4 season flowers rusty finish with dull black wooden frame." Plaintiff claims the articles at bar are not artificial flowers or fruits, within the meaning of paragraph 1518, *supra*, and that said merchandise is properly dutiable at only 22½ per centum ad valorem under paragraph 397 of the tariff act, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, as articles or wares in chief value of base metal.

The pertinent provisions of the involved statutes herein are as follows:

Paragraph 1518, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, supplemented by T. D. 51898:

Artificial or ornamental fruits, vegetables, grasses, grains, leaves, flowers, stems, or parts thereof; and boas, boutonnieres, wreaths, and all articles not specially provided for, composed wholly or in chief value of any of the foregoing:

 \* \* \* \* \* \* \*

 When composed wholly or in chief value of other materials and not specially provided for:

 \* \* \* \* \* \* \*

 Other_____ 45% ad val.

Paragraph 397, as modified by the General Agreement on Tariffs and Trade, T. D. 51802:

Articles or wares not specially provided for, whether partly or wholly manufactured:

 \* \* \* \* \* \* \*

 Composed wholly or in chief value of iron, steel, lead, copper, brass nickel, pewter, zinc, aluminum, or other metal (not including platinum,

gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:

\* \* \* \* \* \* \*

Other (except slide fasteners and parts thereof)_____ 22½% ad val.

A sample of the merchandise, described as "IRON WORKS" and invoiced as "Metal fruits w/leaves" (protest 230473–K), was received in evidence as plaintiff's exhibit 1 (R. 5). It consists of a representation of a fruit stem, approximately 6 inches in length, to which are affixed four branches, with leaves on three of them, and an article of fruit on the fourth branch, the latter branch being longer and thicker than the other three branches. The leaves on the branches are approximately 3 inches in length. All the leaves are made of metal and are conventional in design. The article of fruit represented on the fourth branch has a vertical circumference of about 8 inches and a horizontal circumference of approximately 7¾ inches.

There was no sample available of the "Iron pictures," the four season flower articles, covered by protest 279842–K. There was introduced, however, an illustrative sample of such merchandise, except that the ones here in question are oblong or rectangular and have wooden frames, whereas the sample in evidence is round and with a metal frame (plaintiff's illustrative exhibit 2, R. 6). The framed article consists of a representation of a flower stem, from which run a number of branches containing leaves and flowers, all conventional in design.

It was stipulated that plaintiff's exhibit 1 and plaintiff's illustrative exhibit 2 are in chief value of base metal, not plated or in part of gold, silver, or platinum, nor colored with gold lacquer (R. 7).

One witness appeared on behalf of the plaintiff, the assistant buyer of said company. She testified that she has been employed by that concern for about 10½ years in the "Art wares and antiques" department, which has to do with supplying decorative accessories to the public, and that, in such capacity, she has, among other duties, been engaged in the selling of merchandise for the company.

The witness stated that she has been handling merchandise, such as plaintiff's exhibit 1 and illustrative exhibit 2, for about 6 years, buying and selling such goods, and that, in such connection, she had seen the articles at bar used. She testified that articles such as those in plaintiff's illustrative exhibit 2 come in sets of four, representing the seasons; that they are sold singly, or in pairs, or as four in a set, stating in this regard that these particular flowers represent the four seasons of the year to the Chinese people; that sometimes a bit of velvet is placed behind them, or they are tacked on the wall with a little metal medallion. Both plaintiff's exhibits, 1 and 2, when in use, are placed on the walls.

Plaintiff's witness further testified that she could not recall whether she had seen real flowers used in the manner in which exhibits 1 and 2 are used and that she knew of no other uses made of exhibits 1 and 2 than that heretofore indicated.

On cross-examination, plaintiff's witness testified that she had never seen items such as plaintiff's exhibit 1 and plaintiff's illustrative exhibit 2 used in homes, but had seen pictures of interiors of homes, showing the use of such articles, as displayed in reviews and magazines, such as "House Beautiful."

The issue in this case is whether the imported merchandise is properly dutiable under paragraph 1518 of the Tariff Act of 1930, as amended, at the applicable rate as artificial fruits or flowers, as classified.

The question of the dutiable classification of merchandise such as plaintiff's illustrative exhibit 2, the so-called "Iron pictures," has been before this court on previous occasions. The first of such cases involving merchandise of this character was *Bullocks, Inc.* v. *United States*, 72 Treas. Dec. 914, Abstract 37003, wherein the court held that the "iron pictures" there involved were not dutiable as artificial flowers under paragraph 1518 of the Tariff Act of 1930, as classified, but were properly dutiable under paragraph 397 of the said act at the applicable rate as articles of metal. The court therein found that the articles had none of the colorings found in natural flowers, nor did they simulate any other flower.

Subsequently, in the case of *O. E. Barrant* v. *United States*, 6 Cust. Ct. 516, Abstract 45233, the involved merchandise consisted of so-called iron pictures which were also classified under paragraph 1518 of the Tariff Act of 1930 at the rate of 60 per centum ad valorem as artificial flowers and claimed dutiable at only 45 per centum ad valorem under paragraph 397 of said act as articles in chief value of base metal. In finding that certain of the merchandise, represented by exhibits 1 and 2 therein, was improperly classified as artificial flowers, the court held that the involved articles did not respond to any definition of what constitutes an artificial flower, as laid down by this or by our appellate court, pointing out in this connection: "They are each evidently punched and stamped from one piece of sheet metal, exhibit 1 purporting to represent a frame in which are two yellow flowers and some leaves and stems, and exhibit 2 representing some trees and a house of sorts. The work is crudely done and the flower or tree portion of the exhibits is in the flat or two-dimensional, form." The court, in the *O. E. Barrant* case, *supra*, however, found certain other merchandise there involved, represented by illustrative exhibit 3, which merchandise was similar to that involved in the *Bullocks, Inc.*, case, *supra*, properly dutiable as

artificial flowers, as classified. The sample in question was described as "a black wooden frame 10½" x 31", designed to be hung so that the shorter side is at the bottom, and to the lower right hand inner corner of which wrought iron 'stems' are fastened which extend sidewise and upward through the space enclosed by the frame. To the stems are fastened flowers and leaves, apparently also made of iron, the stems, flowers, and leaves being oxidized or painted a dull brown color. The stems, flowers, and leaves simulate the natural in size, shape, form, and in all respects save in color, and the whole article is evidently designed to be used as a wall decoration." In holding that the so-called iron pictures there involved (illustrative exhibit 3) met the test of what constitutes artificial flowers, the court, in the *O. E. Barrant* case, *supra*, commented as follows:

While it is true that natural flowers would probably not be enclosed in a frame as are the artificial flowers here, nevertheless they are often used for wall decoration, which is obviously the purpose of the article at bar.

Counsel for the plaintiff in the case at bar conceded that it is a matter of common knowledge that real flowers are "hung in baskets and in pots from wire works that are extended from walls." (R. 12.)

The last of such cases involving the classification of so-called "iron pictures" was that of *Bullocks, Inc.* v. *United States*, 13 Cust. Ct. 62, C. D. 870. In that case, the sample in evidence consisted of a wooden frame, 5 x 7 inches, designed to be hung horizontally, from the bottom of which a representation of a flower stem ran, to which were affixed branches and flowers, all made of metal, and "conventional in design." The merchandise was held properly classifiable as articles, not specially provided for, composed in chief value of artificial flowers, under the provisions therefor in paragraph 1518 of the Tariff Act of 1930. The court therein quoted from the leading case of *Cochran Co. et al.* v. *United States*, 10 Ct. Cust. Appls. 62, T. D. 38336, as follows:

It may be that neither exhibit truly represents any natural flower, fruit, leaf, or stem. Nevertheless, both come within the tariff designation of "artificial and ornamental fruits, grains, leaves, flowers, and stems," inasmuch as they are articles which simulate the natural fruit, flower, leaf, or stem in its physical characteristics and appearance sufficiently to cause them in common understanding to be regarded as leaves, stems, flowers, or fruits produced not by nature, but by the hand of man, and which at the same time are appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted.

In holding the involved iron pictures dutiable as artificial flowers, the court, in the *Bullocks, Inc.*, case (C. D. 870), *supra*, at page 64, then commented:

In view of the fact that the provision in the existing act is for "artificial *or* ornamental * * * flowers" it would seem that suitability for use "for those purposes of ornamentation to which the natural products may be temporarily devoted" is no longer a requirement in determining whether or not an article is

an artificial flower, and that the proper test is simulation of the natural flower in physical characteristics and appearance sufficient "to cause them in common understanding to be regarded as * * * flowers * * * produced not by nature, but by the hand of man."

The flower portions of the samples before us do not represent any particular natural flower with which the court is familiar, but they do appear to be conventional flowers in the sense that they exhibit the flower structure, having petals, etc. They are, therefore, artificial flowers within the meaning of the term as used in paragraph 1518, *supra*, and the entire article was properly classified by the collector as an article not specially provided for, composed in chief value of artificial flowers.

The restrictive test adopted by the court in the *Bullocks, Inc.*, case (C. D. 870), *supra*, above quoted, is not, however, solely controlling in the determination of what constitutes an artificial flower under paragraph 1518 of the Tariff Act of 1930, as appears from the holding of our appellate court in *Coro, Inc. v. United States*, 39 C. C. P. A. (Customs) 154, C. A. D. 478. Our appellate court, in that case, adopted the test for "artificial or ornamental * * * flowers," as given in the *Cochran* case, *supra*, stating, in connection with the merchandise there involved, at pages 157–158, as follows:

We desire to draw particular attention to the latter portion of that quotation which determined that, even though the artificial articles possess the attributes and qualities set forth in the previous portion of the quotation, those articles must be such that they "* * * at the same time are appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted."

In our opinion, even though it may be said that the involved articles are conventionally flower-like, they are neither appropriate nor suitable for the well-known purposes of ornamentation to which artificial flowers may be temporarily devoted. They are simply costume jewelry in the form of brooches which, omitting the pin portion, may be said to look like the form of some kind of a flower. It would tax the imagination to picture such articles as being artificial flowers in accordance with common understanding.

The case of *Bullocks, Inc.* (C. D. 870), *supra*, was decided in 1944, 8 years prior to the *Coro, Inc.*, case, *supra*, and the holding therein, wherever inconsistent, must, of course, yield to a holding of our appellate court. *De Waubert, Inc.*, and *N. M. Albert Co., Inc. v. United States*, 36 Cust. Ct. 12, C. D. 1747.

In our opinion, the merchandise at bar is properly dutiable, as classified, under the provision in paragraph 1518 of the Tariff Act of 1930, as modified, for "Artificial or ornamental fruits, * * * leaves, flowers, stems, or parts thereof." As has been frequently held, samples are potent witnesses in customs classification cases. *United States v. The Halle Bros. Co.*, 20 C. C. P. A. (Customs) 219, T. D. 45995. The involved merchandise, as represented by the samples in evidence, conforms to the test for artificial or ornamental fruits and flowers, as laid down by our appellate court in the *Cochran Co.* and *Coro, Inc.*, cases, *supra*, in that they are articles "which simulate

the natural fruit, flower, leaf, or stem in its physical characteristics and appearance sufficiently to cause them in common understanding to be regarded as leaves, stems, flowers, or fruits produced not by nature, but by the hand of man, and which at the same time are appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted."

In support of plaintiff's claim, counsel argues that natural flowers are not placed in a picture frame "to create a picture on a wall." However, an examination of plaintiff's illustrative exhibit 2 herein, the flowerlike article, indicates that the frame therein (wooden in the case at bar) is but an incidental feature of the article and that the whole article is evidently designed to be used as a wall decoration, and the testimony so indicates. As the court observed in the *O. E. Barrant* case, *supra*, in discussing the so-called iron pictures there involved, artificial flowers "are often used for wall decoration, which is obviously the purpose of the article at bar."

Counsel for the plaintiff further maintains, with respect to plaintiff's exhibit 1, the so-called artificial fruit article, that such merchandise should not be subject to classification under paragraph 1518 here in question under the provisions therein for "Artificial * * * fruits," inasmuch as it is a matter of common knowledge that fruit is not hung on the wall for decorative purposes, and that, accordingly, the merchandise, as represented by plaintiff's exhibit 1, is not used as a substitute for the natural article. An examination of the sample, however, which contains leaves and branches, in addition to the article of fruit therein, indicates that it can be hung vertically from a wall for ornamental purposes and that it can also be laid flat and, in such manner, is suitable for use for ornamental purposes to be placed on tables and stands, commonly used in households, and thus employed as the natural products are sometimes used.

It is well-settled law that the importer has a twofold burden in matters of classification in that he must prove the collector's classification to be erroneous in addition to proving that his own claimed classification is the proper one. *Davies, Turner & Co.* v. *United States*, 40 C. C. P. A. (Customs) 193, C. A. D. 517. In the case at bar, we are of opinion that, on the basis of the proof here presented, the plaintiff has failed to overcome the presumption of correctness attaching to the collector's classification. Accordingly, upon the record herein and the authorities heretofore cited, we hold the involved merchandise properly dutiable at the rate of 45 per centum ad valorem under paragraph 1518 of the Tariff Act of 1930, as modified, under the provision therein for "Artificial or ornamental fruits, * * * leaves, flowers, stems, or parts thereof," as classified. The protests are overruled.

Judgment will be entered accordingly.

DISSENTING OPINION

OLIVER, Chief Judge: I am constrained to dissent from the conclusion reached by my colleagues herein. In so doing, I am mindful of the fact that I concurred in the decisions of this court in *O. E. Barrant* v. *United States*, 6 Cust. Ct. 516, Abstract 45233, and *Bullocks* v. *United States*, 13 Cust. Ct. 62, C. D. 870. Both of those decisions related to so-called "iron pictures" that were similar in all material respects to the merchandise now before us, and, in each case, the articles were held to be properly classifiable under the provision in paragraph 1518 of the Tariff Act of 1930 for artificial flowers, fruits, leaves, and stems. One of the reasons for the change in my views concerning these iron pictures results from the decision of our appellate court in *Coro, Inc.* v. *United States*, 39 C. C. P. A. (Customs) 154, C. A. D. 478, referred to in the majority opinion. Other and further reasons are set forth hereinafter.

Our appellate court has never passed upon the particular product before us. The majority opinion has fully described the articles involved in this litigation and has discussed the law, as it has been construed with reference to the iron pictures involved in the *O. E. Barrant* and the *Bullock* cases, *supra*, and the interpretation of the law with reference to artificial flowers, as enunciated by our appellate court in the *Coro, Inc.*, case, *supra*, and in *Cochran Co. et al.* v. *United States*, 10 Ct. Cust. Appls. 62, T. D. 38336.

It is a well-known rule of customs law that the tariff act is written in the language of commerce (*Hummel Chemical Co.* v. *United States*, 29 C. C. P. A. (Customs) 178, C. A. D. 189). It is equally well established that the master rule of construction in customs litigation is to ascertain the intent of Congress (*United States* v. *Clay Adams Co., Inc.*, 20 C. C. P. A. (Customs) 285, T. D. 46078). It is also a fact that this court has no equity jurisdiction. In *Davies Turner & Co.* v. *United States*, 13 Cust. Ct. 190, 203, C. D. 893, we said:

* * * We have no equitable powers and may not grant what we might consider to be substantial justice unless we are supported in such action by the statutes, the decisions of our courts, or by what would seem to be the intent of Congress.

There are times, however, when a too strict adherence to the language used may bring about a result far removed from that intended by the Congress when a statute is enacted into law. It has been repeatedly held that where doubt exists it should be resolved in favor of the importer (*United States* v. *Darling*, 10 Ct. Cust. Appls. 57, T. D. 38334).

That all manufactured articles in the shape or form of flowers, leaves, and stems are not classifiable as artificial flowers, finds support in the case of *United States* v. *Wolff & Co.*, 5 Ct. Cust. Appls. 418, T. D. 34943. In that case, the merchandise consisted of small electric-light bulbs "made to imitate about twenty-four varieties of

fruits and flowers" for use in Christmas-tree decoration. In holding the articles not to be classifiable as "artificial or imitation fruit," the court said (p. 419):

On the other hand, in the same journey we observe stone, wood, and metal figures in the forms of fruit and flower effects, decorative of buildings, furniture, monuments, statues, lawns, etc. If we classify one of these classes of decorative articles as artificial or imitation fruit or flowers all should be so rated for duty.

We do not think it was the intent of Congress to assess duty upon such articles as artificial or imitation fruits and flowers. * * *

Under the principle that the tariff act is written in the language of commerce (*Hummel Chemical Co.* case, *supra*), it follows that manufacturers, buyers, sellers, and consumers are presumed to know what artificial flowers, fruits, leaves, and stems are. While we may not substitute our personal opinions for sworn testimony, there are certain facts which commercial common sense will recognize. To the ordinary man of business, artificial flowers, fruits, leaves, and stems are well-known articles of commerce. They are used as substitutes for the natural flowers and are used for similar decorative or ornamental purposes. They are manufactured of various materials, and, as closely as possible, they copy or simulate the natural article. It is my considered opinion that the Congress intended that paragraph 1518 should cover just such articles of merchandise.

Closely approaching my thoughts is the early decision in *United States* v. *Dieckerhoff, Raffloer & Co.*, 4 Ct. Cust. Appls. 384, T. D. 33796, wherein our appellate court, citing with approval the language of the Board of General Appraisers in Abstract 21933 (T. D. 30048), involving pincushions in the form of crude and highly colored imitations of apples, peaches, pears, and like fruit, stated:

In order to be artificial fruit such articles should simulate the natural in form, color, and outline to such an extent that they might readily be taken for the fruit they represent.

In the case of *Carson, Pirie, Scott & Co.* v. *United States*, 50 Treas. Dec. 658, Abstract 578, the merchandise consisted of metal roses which were classified as artificial flowers under paragraph 1419 of the Tariff Act of 1922 and claimed to be properly dutiable as manufactures of metal under paragraph 399. In the opinion of the court (McClelland, J.), it was stated that "the metal roses in question are used as ornaments on lamps, aquariums, and ferneries, being fastened thereto by brazing and subsequently colored." The court found "that there is nothing about the merchandise to lead anyone to mistake it for a natural flower" and, therefore, held the merchandise to be properly classifiable as a manufacture of metal, as claimed. In its decision, the court cited the *Cochran Co. et al.* case, *supra*, and also *Veit* v. *United States* (11 Ct. Cust. Appls. 81, T. D. 38732).

In the *Veit* case, *supra*, the merchandise consisted of numerous articles, composed in chief value of raffia, which were classified by the

collector as artificial flowers and artificial leaves and claimed to be dutiable as manufactures of wood. In approaching the issue, the court said that "inasmuch as there is no issue of commercial designation, the question of whether or not any of the merchandise is an artificial flower or not is a matter of common understanding, which may be determined by the triers upon the exhibits themselves." As to the merchandise represented by two of the exhibits in the case, the court stated:

> * * * in our opinion, they are not such as in any degree, in common understanding, simulate a natural flower in physical characteristics and appearance sufficiently to cause them to be regarded as a flower in any sense, nor do they simulate any natural leaf. Their probative force is entirely adequate to overcome the presumed correctness of the collector's classification and establish the protestants' claim.

In *United States* v. *Sears, Roebuck & Co.*, 11 Ct. Cust. Appls. 412, T. D. 39323, the merchandise consisted of papier-mâché candy containers, in the forms of apples, pears, peaches, and other fruits, colored, and about the same size as the natural fruits which they resembled. The articles were classified as artificial and ornamental fruits and claimed to be dutiable as manufactures of papier mâché. The sole issue was whether the articles were dutiable as artificial or ornamental fruits. The court cited with approval the *Cochran Co. et al.* case, *supra*, and then stated:

> We think that the rule above enunciated should lead us to hold that the present articles are not artificial fruits within the sense of paragraph 347, for the reason that their physical characteristics and appearance would not cause them in common understanding and speech to be regarded and described as artificial fruits or as appropriate and suitable to be used for those purposes of decoration or ornamentation to which natural fruits may be temporarily devoted.

The foregoing line of decisions supplies ample authority for the proposition that manufactures of articles which use a flower, fruit, leaf, or stem motif do not thereupon automatically become artificial flowers, fruits, leaves, or stems. They are properly classifiable, in my opinion, as manufactures of iron, wood, glass, or of whatever material they may be composed. This opinion does not eliminate the possibility that, in some instances, such materials might be used to produce artificial flowers, fruits, leaves, and stems, but not as in the case of the articles here before us.

In the *Cochran Co. et al.* case, *supra*, our appellate court held that an artificial flower need not truly represent "any natural flower, fruit, leaf, or stem," but held the articles are so dutiable, if they "simulate the natural fruit, flower, leaf, or stem in its physical characteristics and appearance sufficiently to cause them in common understanding to be regarded as leaves, stems, flowers, or fruits produced not by nature, but by the hand of man." The iron pictures, the

articles before us, will not meet the test that, "in common under-standing," they are "to be regarded as leaves, stems, flowers, or fruits produced not by nature, but by the hand of man." They are manufactures of iron, using a flower, leaf, or fruit design as a motif. Adopting the language of our appellate court in the *Coro, Inc.,* case, *supra,* where the articles before the court were items of costume jewelry in the form or shape of flowers, "It would tax the imagination to picture such articles as being artificial flowers in accordance with common understanding."

Samples are potent witnesses. (*United States* v. *Fred. Gretsch Mfg. Co., Inc.,* 28 C. C. P. A. (Customs) 26, C. A. D. 120.) No casual observer would refer to the articles in question as artificial flowers. They are clearly manufactures of metal and are properly subject to classification, as such, under paragraph 397, as claimed, unless they are "more specifically provided for elsewhere." In this writer's opinion, they are not more specifically provided for as artificial fruits or flowers in paragraph 1518.

The protests should be sustained.